THEAON C. PERRELL, ADMINISTRATOR OF THE ESTATE OF O. R. PERRELL, DECEASED, v. BEATY SERVICE COMPANY, INC. AND L. L. LEDBETTER, TREASURER OF THE CITY OF CHARLOTTE.

(Filed 9 April, 1958)

**1. Municipal Corporations § 31—**

Chapter 406, Session Laws of 1951, (G.S. 20-280) does not apply to a judgment based on injuries sustained prior to the effective date of the statute.

**2. Same—**

Chapter 279, Public Laws of 1935, (G.S. 160-200(35) ) is an enabling act which authorizes, but does not compel, municipalities to require, as

a condition precedent to the operation of taxicabs over the streets of the city, that each operator furnish a policy of insurance or surety bond conditioned upon such operator responding in damages on account of any injury to persons or damage to property resulting from the operation of such cabs.

**3. Same—**

A deposit of cash or securities by one person in compliance with an ordinance making such deposit a prerequisite to the right to operate taxicabs under a specified trade name over the streets of the city, imposes liability in regard to the operation of a cab under such trade name by any driver to the same extent as though the driver had made the deposit.

**4. Municipal Corporations § 36—**

The rules applicable to statutes apply equally to the construction and interpretation of municipal ordinances, and when the language of an ordinance is clear and unmistakable, there is no room for construction, and the plain language of the ordinance must be given effect.

**5. Municipal Corporations § 39—**

The municipal ordinance in question, passed under the enabling act of 1935, G.S. 160-200(35), requires each taxicab operator to deposit insurance, surety bonds, or cash or securities, conditioned upon the payment of a final judgment in favor of any person injured by the operation of a cab over the municipal streets. *Held:* Cash or securities deposited for the operation of cabs under a stipulated trade name, filed with the municipality under an agreement pursuant to the ordinance, does not cover a final judgment for injuries to a garage mechanic from the negligent operation of the cab while on private garage premises.

**6. Pleadings § 20½—**

Where it affirmatively appears from the facts alleged in a pleading that plaintiff has no cause of action against defendants, judgment sustaining defendants' demurrer and dismissing the action is proper.

APPEAL by plaintiff from *Dan K. Moore, J.,* September 30, 1957, Civil B Term, of MECKLENBURG.

Civil action to collect a judgment for $3,500.00 plus interest and costs obtained by plaintiff's intestate January 7, 1954, in a prior personal injury action entitled "O. R. Perrell v. James Pearl Ross," after jury trial at January 4, 1954, Extra Civil Term, Mecklenburg Superior Court.

Defendants demurred to the complaint, specifying as ground of objection that the facts alleged, including the facts disclosed by the attached appendices, by reference made a part of the complaint, are insufficient to constitute a cause of action, in that it appears therefrom that the obligation of the judgment (Appendix A) upon which this action is based is not within the condition of the agreement (Appendix

E) between Beaty Service Company, Inc., and L. L. Ledbetter, Treasurer of the City of Charlotte.

After hearing, the court entered judgment, which sustained defendants' demurrer to the complaint, dismissed the action and ordered that plaintiff be taxed with the costs.

Plaintiff excepted and appealed.

*Carpenter & Webb for plaintiff, appellant.*

*McDougle, Ervin, Horack & Snepp for defendant Beaty Service Company, Inc., appellee.*

*John D. Shaw for defendant L. L. Ledbetter, Treasurer of the City of Charlotte, appellee.*

BOBBITT, J. The question drawn into focus by the demurrer is whether plaintiff is entitled to require payment of said judgment (Appendix A) by L. L. Ledbetter, Treasurer, out of cash or securities deposited with him by Beaty Service Company, Inc., hereinafter called Beaty, under agreement (Appendix E) dated July 26, 1938, between Beaty and L. L. Ledbetter, Treasurer. If this question is resolved in favor of plaintiff, the complaint alleges facts sufficient to constitute a cause of action; otherwise, it does not.

The said judgment was based on a verdict which established *inter alia* that O. R. Perrell was injured by the negligence of James Pearl Ross as alleged in the complaint. O. R. Perrell alleged that he was injured May 22, 1948, in Beaty's garage, where Perrell, an employee of Beaty, was at work as an automobile mechanic; that Ross drove an automobile into said garage for the purpose of having Perrell "install a banner on the front bumper and . . . check the mechanical condition of the automobile"; and that, while Perrell was lying under said automobile, engaged in checking or repairing it, Ross got into said automobile and operated it (negligently) in such manner as to run over and injure Perrell. Issues of negligence, contributory negligence and damages, raised by the pleadings and submitted to the jury, were answered in favor of O. R. Perrell.

No question is presented as to whether O. R. Perrell, then an employee of Beaty, received or was entitled to receive an award under the Workmen's Compensation Act.

It is sufficiently alleged that the automobile operated by Ross when Perrell was injured was a "Red Top Taxi," and that Ross was permitted to operate it on the streets of Charlotte because covered by the cash or securities deposited by Beaty with L. L. Ledbetter, Treasurer, under the agreement (Appendix E) of July 26, 1938.

The crucial question is whether a judgment based on injuries to O. R. Perrell, Beaty's employee, caused by Ross' negligent operation

of the taxicab on Beaty's private garage premises, is payable out of Beaty's deposit.

It is noted that the mandatory provisions of Ch. 406, Session Laws of 1951, now G.S. 20-280, do not apply to a judgment based on injuries sustained on May 22, 1948.

The relevant statute is the enabling act, Ch. 279, Public Laws of 1935, now codified as part of G.S. 160-200, Subsection 35, which conferred upon municipal corporations the power to require "the operator of every . . . taxicab . . . engaged in the business of transporting passengers for hire over the public streets" to "furnish and keep in effect for each . . . taxicab . . . so operated a policy of insurance or surety bond . . . to be conditioned on such operator responding in damages for any liability incurred on account of any injury to persons or damage to property resulting from the operation of any such . . . taxicab . . . to be filed with the governing body . . . as a condition precedent to the operation of any . . . taxicab . . . over the streets of such city or town."

The cash and securities were deposited by Beaty and accepted by L. L. Ledbetter pursuant to an ordinance of the City of Charlotte, adopted September 2, 1936, and amended on July 13, 1938, and on January 7, 1942, identified in the complaint as Ch. 2, Art. XIII, of the Code of the City of Charlotte, 1946. The parties have stipulated that the appendix to appellant's brief is a true and correct copy of said ordinance; also, that Ch. 3, Art. I, of said Code, entitled "Taxicabs and Ambulances," contains this definition: "(k) Street: Street shall mean and include any street, alley, avenue or highway within the City Limits of the City of Charlotte and within a radius of five miles beyond such City Limits as the same may now exist or may be hereafter extended." They have stipulated further that these ordinances were in effect on May 22, 1948, and may be considered as if set forth in the complaint herein.

It is first noted that the authority of the City of Charlotte to enact said Ch. 2, Art. XIII, depended solely upon said 1935 enabling act. Prior thereto, a similar ordinance was declared invalid. *S. v. Gulledge,* 208 N.C. 204, 179 S.E. 883; also, see *S. v. Sasseen,* 206 N.C. 644, 175 S.E. 142. Thereafter, an ordinance enacted under its authority was declared valid. *Watkins v. Iseley,* 209 N.C. 256, 183 S.E. 365.

Ch. 2, Art. XIII, consists of Secs. 67, 68, 69, 70 and 71.

Sec. 67, captioned "PUBLIC LIABILITY AND PROPERTY DAMAGE INSURANCE OR BONDS REQUIRED," in pertinent part, provides: "No person shall operate . . . any taxicab over the streets of the City of Charlotte without first taking out and keeping in full force and effect at all times a policy or policies of insurance. . . or providing a surety bond or bonds . . . or depositing cash or securities

with the City Treasurer . . . to be approved by the City Council to cover damages for injury . . . and for property damage . . ." in specified amounts. "Said insurance, surety bond or bonds, or the deposit of cash or securities shall be conditioned upon the payment of any final judgment rendered on account of any personal injury or property damage caused by any taxicab *while operating on any of the streets* of the City of Charlotte by or under the direction of such person." (Our italics)

Sections 68 and 69 relate, respectively, to specific requirements when an applicant undertakes to comply with the ordinance by providing (1) an insurance policy or policies, or (2) a surety bond or bonds. No provision thereof relates to coverage.

Section 70, captioned "REQUIREMENTS WITH REFERENCE TO THE DEPOSIT OF CASH OR SECURITIES," in pertinent part, provides: "Any person . . . who desires to deposit cash or securities in lieu of liability insurance or . . . a surety bond or bonds . . . as a condition precedent to the operation of any such taxicabs on the streets of the City of Charlotte shall deposit with the City Treasurer . . . cash or securities approved by the City Treasurer . . ." in specified amounts. "Such deposit shall be accompanied by a contract . . . to be approved . . . providing that such deposit has been made to guarantee the payment of any final judgment obtained by any person as a result of injury or damage resulting from the negligent operation of any . . . taxicab for which said deposit has been made *within the limits hereinafter provided.*" (Our italics) (Note: It is obvious that the word "herein" rather than "hereinafter" expresses the intended meaning; and we think it clear that *the limits* referred to are those specified in Sec. 67, namely, $5,000.00 for injury to any one person, $9,500.00 for injury to two or more persons in any one accident and $500.00 for property damage.) "Persons desiring to make the deposit herein provided for and on behalf of other persons, firms or corporations, may do so on the same basis of deposit as above set forth, provided such person desiring to make the deposit of cash or securities for other persons are (sic) to adopt a trade name for the taxicabs for which they are to deposit cash or securities," with further requirements as to identification of the taxicab(s) for which the deposit of cash or securities is made.

Sec. 71, captioned, "INSURANCE, BOND, OR DEPOSIT LIABLE REGARDLESS OF OPERATOR. (a) Any policy of insurance submitted hereunder, and every bond or deposit of cash or securities herein provided for shall be conditioned upon the payment of any final judgment recovered by any person as a result of the negligent operation of any vehicle or taxicab permitted to operate hereunder, within the limits herein provided no matter by whom operated or

driven at the time of the injury or damage. (b) . . ."

With further reference to said enabling act, Ch. 279, Public Laws of 1935, now codified as part of GS 160-200, Subsection 35, it is noted: 1. It imposed no requirement or obligation but merely conferred a power, to be exercised if the legislative body of a municipal corporation saw fit to do so. 2. It speaks only of "a policy of insurance or surety bond," containing no reference to a deposit of cash or securities on like condition.

It is clear that: (1) Except as otherwise provided by the ordinance, Ross had a legal right to operate a taxicab over the streets of the City of Charlotte without providing by insurance policy, surety bond or deposit of cash or securities for the payment of damages caused by his negligent operation thereof. (2) The deposit of cash or securities by Beaty was made to comply with the requirements prescribed by the ordinance as prerequisite to Ross' right to operate a taxicab over the streets of the City of Charlotte. (3) The cash or securities deposited by Beaty have the same status as if deposited by Ross for the purposes stated in Beaty's agreement (Appendix E) of July 26, 1938.

Appendix E, while referred to as a single agreement, consists of two instruments executed by Beaty and dated July 26, 1938.

The first of these instruments provides: "The undersigned (Beaty) having deposited money or securities under ordinance of September 2nd, 1936, relating to taxicabs, or the amendment thereto of July 13, 1938, as a cash surety bond for certain taxicabs, owners and drivers does hereby agree that such deposit is made to guarantee the payment of any final judgment secured as the result of negligence against the owner, operator, driver of (sic) lessee of any taxicab bonded by the undersigned, said judgment to be paid out of said funds under the terms of this ordinance and the undersigned adopts the Trade Name, Red Top Taxi for the purpose only of insuring and complying with the ordinance of the City of Charlotte relative to taxicabs, and hereby consents and agrees that the said City Treasurer shall pay any final judgment within the terms of said ordinance, secured against the driver, operator, lessee or owner of either one, as the result of the operation of an automobile on the streets of Charlotte bearing said trade name and the undersigned's name as bondsman as provided in said ordinance, no matter by whom the particular car was operated at the time; and further agrees that such deposit shall remain with said City Treasurer until a final determination by judgment or otherwise, of all claims arising as the result of the operation in the City of Charlotte of any such motor vehicle under said ordinance, or amendments."

The second of these instruments, captioned "ADDITIONAL AGREEMENT RELATIVE TO CASH BOND DEPOSIT OF

BEATY SERVICE COMPANY, INC., WITH THE CITY TREAS-
URER RELATIVE TO TAXICABS," in pertinent part, provides:

"In order to eliminate any possible misinterpretation of the *fore-
going* agreement, the undersigned (Beaty) specifically covenants,
contracts and agrees with the City of Charlotte and L. L. Ledbetter,
Treasurer . . . , that the cash deposit . . . now on hand, plus an addi-
tional sum . . . this day deposited, . . . shall be held by said Treasurer
*to guarantee the payment of any final judgment hereafter secured as
the result of claims or suits now outstanding which arose and exist
as the result of the operation of taxicabs in the City of Charlotte
under the name of Silver Streak Cab under ordinance of September
2, 1936, and up to July 1, 1938,* as well as to pay any final judgment
secured as the result of the negligent operation of any taxicab by
any person in the City of Charlotte hereafter under named (sic) of
Red Top Cab under the provisions of the amending ordinance of July
13, 1938; said sum . . . shall be held and paid out by the said City
Treasurer under the terms, provisions and conditions of the ordinance
of September 2, 1936, and the amendment of July 13, 1938. (Our italics)

"The undersigned (Beaty) further contracts and agrees . . . that
*this additional agreement shall be taken and considered as a part
of the ordinance of July 13, 1938 as fully and completely and binding
as though written in said ordinance.*" (Our italics)

It is apparent that the primary purpose of the second instrument
was to make plain that Beaty agreed that his deposit was to cover
the operations of *Silver Streak taxicabs* up to July 1, 1938, but not
thereafter. It was specifically agreed in the first instrument as well
as in the second that Beaty's deposit was to cover the operation of
Red Top taxicabs.

Appellant emphasizes the words in the second instrument, "to pay
any final judgment secured as the result of the negligent operation
of any taxicab by any person in the City of Charlotte hereafter under
named (sic) of Red Top Cab," while appellees emphasize the words
in the first instrument, "as the result of the operation of an automobile
on the streets of Charlotte." But when these instruments, which em-
body the agreement, are considered together, we think they manifest
one clear intent, namely, that the deposit was made solely *to comply
with the requirements* of the ordinance. It cannot be reasonably in-
ferred that the City of Charlotte intended to require or that Beaty
intended to agree that the deposit should be held for payment of any
final judgment except such as was within the coverage required by
the ordinance.

What did the ordinance require?

Section 67 explicitly provided: "Said insurance, surety bond or bonds,
or the deposit of cash or securities shall be conditioned upon the pay-

ment of any final judgment rendered on account of any personal injury or property damage caused by any taxicab *while operating on any of the streets* of the City of Charlotte by or under the direction of such person." (Our italics)

Whether the City of Charlotte could have prescribed a broader condition under the 1935 enabling act is beside the point. Suffice to say, Beaty's deposit was made to comply with the requirements of the ordinance enacted by the legislative body of the City of Charlotte. Apparently, the City Council took the view that since the insurance, surety bond or deposit was required as a condition precedent to the operation of a taxicab on the city streets, it was appropriate that it should be conditioned for the payment of damages for injury to person or damage to property only when operated (negligently) on the city streets.

The rules applicable to statutes apply equally to the construction and interpretation of municipal ordinances. *In re O'Neal,* 243 N.C. 714, 92 S.E. 2d 189. The relevant rules of construction are stated by Johnson, J., in *Cab Co. v. Charlotte,* 234 N.C. 572, 576, 68 S.E. 2d 433. As stated succinctly by Walker, J.: "Where the language of a statute or ordinance is clear and its meaning unmistakable, there is no room for construction, but we merely follow the intention as thus plainly expressed." *S. v. R. R.,* 168 N.C. 103, 82 S.E. 963.

As to Sec. 70, which relates to specific requirements when an applicant undertakes to comply with the ordinance by the deposit of cash or securities, no provision thereof is sufficient to manifest an intention that the condition on which cash or securities are deposited is different from that explicitly prescribed in Sec. 67 when an applicant undertakes to comply with the ordinance by providing an insurance policy or surety bond. These words, quoted from Sec. 70, are emphasized by appellant: "Such deposit shall be accompanied by a contract . . . providing that such deposit has been made to guarantee the payment of any final judgment obtained by any person as a result of injury or damage resulting from the negligent operation of any vehicle or taxicab for which said deposit has been made within the limits hereinafter (sic) provided." The purpose of the contract was to identify the person who made the deposit, the cash or securities deposited and the taxicab(s) for which the deposit was made; and, in our opinion, the provision requiring such contract was not intended to enlarge the condition explicitly prescribed in Sec. 67.

Moreover, we do not think it can be reasonably inferred that Sec. 71(a), quoted above, was intended to enlarge the condition explicitly prescribed in Sec. 67. The purpose of Sec. 71 was to make it plain that the insurance policy, surety bond or deposit, filed or made as required by Sec. 67, was for the payment of a final judgment *regardless*

*of the identity of the particular operator* of the taxicab at the time injury or damage is caused by the negligent operation thereof.

On this appeal, it is unnecessary to define precisely what is meant by "operating (a taxicab) on any of the streets of the City of Charlotte." Suffice to say, the conclusion reached is that the injuries sustained by O. R. Perrell on Beaty's private garage premises, while engaged in the inspection or repair of the taxicab, under the circumstances alleged by O. R. Perrell in his complaint against Ross, cannot be considered as having been caused by the taxicab "while operating on any of the streets of the City of Charlotte" within the meaning of that phrase as used in said ordinance.

It is noted that *Mitchell v. Great Eastern Stages* (Ohio), 42 N.E. 2d 771, and *Jones v. Eppler* (Okla.), 266 P. 2d 451, cited by appellant, deal with distinguishable factual· situations.

For reasons stated, we affirm Judge Moore's judgment. It is noted that the judgment sustained the demurrer *and dismissed the action.* This was correct, for it appeared affirmatively from the facts alleged that plaintiff has no cause of action against these defendants. *Adams v. College,* 247 N.C. 648, 655, 101 S.E. 2d 809, and cases cited.

Affirmed.