TOWN OF ATLANTIC BEACH v. CECELIA YOUNG

No. 516PA82

(Filed 11 January 1983)

1. **Animals § 8; Municipal Corporations § 8.2— ordinance prohibiting keeping of animals, livestock and poultry within city limits—exception for house pets only**

   Where a town ordinance prohibited the keeping of animals, livestock and poultry within the city limits "other than house pets," and the ordinance further provided that the prohibition, not the exception, "shall be interpreted to include horses, cows, goats, sheep, chickens and turkeys . . ." the ordinance clearly prohibited defendant from keeping goats and ponies within the town limits.

2. **Municipal Corporations § 30.3— validity of zoning ordinance—not unconstitutionally vague**

   A zoning ordinance which prohibited defendant from maintaining two goats and a small pony at her residence was not unconstitutionally vague in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 19 of the North Carolina Constitution.

3. **Municipal Corporations § 30.3— zoning ordinance—not arbitrary and unreasonable**

   A zoning ordinance which prohibited defendant from maintaining two goats and a small pony at her residence was not arbitrary and unreasonable in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 19 of the North Carolina Constitution where, pursuant to G.S. 160A-186, the legislature granted to municipal corporations the power to regulate domestic animals within its corporate limits, and where the health and welfare of the citizens of the State are legitimate public purposes.

4. **Municipal Corporations § 30.3— zoning ordinance—no violation of equal protection clause**

   A zoning ordinance which prohibited defendant from keeping two goats and one pony in a house within the town's corporate limits did not violate the

equal protection clauses of the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1 and 19 of the North Carolina Constitution.

Justice MARTIN took no part in the consideration or decision of this case.

Justice CARLTON concurs in the result.

APPEAL by plaintiff pursuant to G.S. 7A-31 for discretionary review of the decision of the Court of Appeals (*Judge Whichard,* with *Judges Robert M. Martin* and *Harry C. Martin (now Justice)* concurring) reported at 58 N.C. App. 597, 293 S.E. 2d 821 (1982). The Court of Appeals affirmed the grant of defendant's motion for summary judgment and the denial of plaintiff's motion for summary judgment entered by *Rouse, J.,* on 1 June 1981 in Superior Court, CARTERET County.

Prior to 1 January 1978 defendant, Cecelia Young, lived in the Ocean Ridge Subdivision of Carteret County, North Carolina. On 1 January 1978 the town of Atlantic Beach annexed some property contiguous with its western border. Within this annexed area is the land on which defendant resides. Prior to the annexation ordinance being passed and up to the present time defendant has maintained livestock upon the premises on which she resides. At the present time she maintains two goats and one small pony.

Approximately eighteen months after the effective date of the annexation ordinance the town of Atlantic Beach enacted an ordinance which prohibits the keeping of animals, livestock and poultry within the city limits with an exception provided for house pets. The ordinance in part provides:

> Whereas it is deemed that the keeping of livestock, animals, and poultry within the city limits of the town is not consistent with the public health, safety and welfare, and indeed poses threats to both; then

> It shall be unlawful for any person, firm or corporation to keep, within the town limits, livestock, animals, or poultry other than housepets. This prohibition shall be interpreted to include horses, cows, goats, sheep, chickens and turkeys, but this list is not to be deemed all inclusive.

The ordinance prohibiting the keeping of animals, livestock and poultry was passed on 26 July 1979 and became effective on 26 August 1979. The town of Atlantic Beach brought this action on 8

October 1980, more than a year after the effective date of the ordinance, seeking a permanent injunction against defendant directing her to remove all animals other than house pets.

Defendant maintains now as she did then that her two goats and one pony are house pets within the meaning of the ordinance and that her pets present no greater threat to the health and welfare of the town of Atlantic Beach than any other house pet. In support of her contention plaintiff presented affidavits of two local doctors of veterinary medicine and the sanitation supervisor for Carteret County, all of whom stated that defendant's animals did not constitute a health hazard.

In late April, 1981, after discovery was completed both plaintiff and defendant moved pursuant to Rule 56 of the Rules of Civil Procedure for summary judgment. The motions were heard in the Superior Court of Carteret County by Judge Robert Rouse on 29 April 1981. On 1 June 1981 Judge Rouse ordered that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted.

The plaintiff then appealed to the North Carolina Court of Appeals which affirmed the judgment of Judge Rouse in an opinion filed 3 August 1982. Pursuant to G.S. 7A-31 plaintiff petitioned for discretionary review by this Court. The petition was allowed 5 October 1982.

*Mason and Phillips, P.A. by L. Patten Mason, for plaintiff-appellant.*

*Cooper and Whitford by Neil B. Whitford, for defendant-appellee.*

COPELAND, Justice.

[1] The plaintiff-appellant, Town of Atlantic Beach, raises one question for consideration by this Court. Did the trial court and the Court of Appeals err in allowing defendant-appellee's motion for summary judgment while denying plaintiff-appellant's motion for summary judgment? We believe that the trial court and the Court of Appeals misconstrued the clear meaning of the language of the ordinance in question and summary judgment should have been entered for the plaintiff pursuant to its motion under Rule 56 of the Rules of Civil Procedure.

In affirming the trial court's granting of defendant's motion for summary judgment, the Court of Appeals concentrated its discussion on the question of whether or not the two goats and one pony owned by the defendant were house pets. Such emphasis is misplaced and leads to a result which is contra to the intent of the ordinance as a whole. Whether the goats and pony are house pets is not the central issue in this case. Rather the focus is whether the two goats and one pony are prohibited under the ordinance. The language of the ordinance clearly states that goats and horses are prohibited. "This *prohibition* shall be interpreted to include *horses*, cows, *goats*, sheep, chickens and turkeys, but this list is not to be deemed all inclusive." (Emphasis added.) Without the above quoted sentence, the ordinance would arguably allow the keeping of ponies or goats within the city limits as house pets, if they could be shown to be house pets. However, the final sentence of the ordinance makes it clear that the prohibition is intended to include horses and goats.

Defendant contends that the final sentence does nothing more than define livestock and poultry and is therefore little more than surplusage. We cannot agree with the defendant's interpretation of the ordinance in question. The rules applicable to the construction of statutes apply equally to the construction and interpretation of municipal ordinances. *Perrell v. Beaty Service Co., Inc.*, 248 N.C. 153, 102 S.E. 2d 785 (1958). "In seeking to discover and give effect to the legislative intent, an act must be considered as a whole, and none of its provisions shall be deemed useless or redundant if they can reasonably be considered as adding something to the act. . . ." *State v. Harvey*, 281 N.C. 1, 19, 187 S.E. 2d 706, 718 (1972). *In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968).

We believe that this ordinance must be read as a whole with each of its provisions given a full interpretation. The ordinance states that it is "unlawful . . . to keep, within the town limits, livestock, animals or poultry. . . ." This language unquestionably creates a prohibition against the keeping of various animals within the town's limits. However, the ordinance carves out an exception to the prohibition by allowing the keeping of house pets. After carving out this exception, the ordinance further provides that the prohibition, not the exception, "shall be interpreted

to include horses, cows, goats, sheep, chickens and turkeys. . . ." The language of this ordinance clearly provides that although there may be an exception for house pets, certain animals such as horses and goats will not be permitted even within the exception. "Where the language of a statute or ordinance is clear and its meaning unmistakable, there is no room for construction. . . ." *State v. Norfolk Southern Railroad Company*, 168 N.C. 103, 109, 82 S.E. 963, 966 (1914); *Perrell v. Beaty Service Co., Inc.*, 248 N.C. 153, 102 S.E. 2d 785 (1958).

The language of the ordinance prohibiting the keeping of animals, livestock and poultry is clear. The keeping of goats and ponies within the town limits of Atlantic Beach is prohibited. As a result, summary judgment should have been denied the defendant and granted to the plaintiff.

Defendant-appellee contends as she did before the Court of Appeals that the ordinance prohibiting the keeping of animals, livestock and poultry within the town limits of Atlantic Beach is constitutionally invalid. Defendant maintains that the ordinance in question is in violation of the due process and equal protection clauses of the United States Constitution as well as Article 1, Sections 1 and 19 of the Constitution of the State of North Carolina. We will address each of these challenges individually.

Before considering defendant's constitutional challenges to the ordinance, we point out that in order to raise constitutional claims against a municipal ordinance the defendant must produce evidence that she has sustained or is in immediate danger of sustaining a direct injury as a result of the ordinance. *Nicholson v. Education Assistance Authority*, 275 N.C. 439, 168 S.E. 2d 401 (1969). Even if the defendant has standing to raise constitutional challenges, the burden of establishing the unconstitutionality of an ordinance is upon him who assails it. *Schloss v. Jamison*, 262 N.C. 108, 136 S.E. 2d 691 (1964). The party challenging the constitutionality of an ordinance must provide the court with more than mere accusations, for the court, in its construction, will do everything possible to uphold the constitutionality of the ordinance. *Victory Cab Co., Inc. v. Shaw*, 232 N.C. 138, 59 S.E. 2d 573 (1950).

[2] Defendant-appellee first contends that the ordinance is unconstitutionally vague in violation of the due process clauses of

the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the North Carolina Constitution. We find no merit in defendant's challenge. As stated above the language of the ordinance unquestionably prohibits the keeping of horses and goats within the town limits of Atlantic Beach. Since defendant's claim only concerns two goats and one pony there is no doubt that she was put on notice of any violation since the ordinance expressly prohibits the keeping of horses and goats. Although defendant goes beyond the facts of this case in order to support her contentions, we emphasize that this Court, "will not undertake to pass upon the validity of the statute [or ordinance] as it may be applied to factual situations materially different from that before it." *Watch Co. v. Brand Distributors and Watch Co. v. Motor Market, Inc.*, 285 N.C. 467, 472, 206 S.E. 2d 141, 145 (1974).

[3] Defendant-appellee also challenges the validity of this ordinance on the grounds that it is arbitrary and unreasonable in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the North Carolina Constitution. Once again we find no merit in defendant's claim.

The legislature has granted to municipal corporations like Atlantic Beach the power to regulate domestic animals within its corporate limits. G.S. 160A-186 provides:

> A city may by ordinance regulate, restrict or prohibit the keeping, running or going at large of any domestic animals, including dogs and cats.

In addition the legislature has provided in G.S. 160A-174 that, "A city may by ordinance define, prohibit, regulate, or abate acts, omissions, or conditions, detrimental to the health, safety, or welfare of its citizens . . ." Through G.S. 160A-174 and G.S. 160A-186 the legislature has delegated to the Town of Atlantic Beach a part of its police power which may be exercised "to protect or promote the health, morals, order, safety and general welfare of society." *State v. Warren*, 252 N.C. 690, 694, 114 S.E. 2d 660, 664 (1960); *S. S. Kresge Co. v. Tomlinson and Arlan's Dept. Store v. Tomlinson*, 275 N.C. 1, 165 S.E. 2d 236 (1968). The Town of Atlantic Beach passed the ordinance in question pursuant to its police power as provided under G.S. 160A-186 and ex-

pressly stated that its purpose is to protect the health, safety and welfare of the citizens of Atlantic Beach.

In reviewing the validity of this ordinance this Court will look to see if the police power has been exercised within the constitutional limitations imposed by both the state and federal constitutions. *City of Raleigh v. Norfolk Southern Railway Co.*, 275 N.C. 454, 168 S.E. 2d 389 (1969). This review will not include an analysis of the motives which prompted the passage of this ordinance because, "so long as an act is not forbidden, the wisdom of the enactment is exclusively a legislative decision." *Mitchell v. Financing Authority*, 273 N.C. 137, 144, 159 S.E. 2d 745, 750 (1968); *S. S. Kresge Co. v. Tomlinson and Arlan's Dept. Store v. Tomlinson*, 275 N.C. 1, 165 S.E. 2d 236 (1968).

In order to determine whether this ordinance is unconstitutionally arbitrary and unreasonable we look to see if the ordinance is reasonably related to the accomplishment of a legitimate state objective. *Raleigh Mobile Home Sales, Inc. v. Tomlinson*, 276 N.C. 661, 174 S.E. 2d 542 (1970); *State v. Whitaker*, 228 N.C. 352, 45 S.E. 2d 860 (1947). We note that the mere assertion within the ordinance that it is for the public welfare is not enough in and of itself to bring the ordinance within a valid exercise of police power. *MacRae v. City of Fayetteville*, 198 N.C. 51, 150 S.E. 810 (1929). However, there is no question that the health and welfare of the citizens of this state are legitimate public purposes. We are therefore left the determination of whether the means employed, to-wit the contested ordinance, is reasonably related to the health and welfare of this state's citizens.

This Court has previously held that it is within the police power to regulate the keeping of cattle within the city limits of Charlotte. *State v. Stowe*, 190 N.C. 79, 128 S.E. 481 (1925). In this case we have no difficulty in finding on the face of this ordinance that prohibiting the keeping of animals other than house pets is reasonably related to the health and welfare of the citizens of the Town of Atlantic Beach. "In the exercise of an unquestioned police power much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially interfered with, unless they are manifestly unreasonable and oppressive." *State v. Stowe*, 190 N.C. 79, 80-1, 128 S.E. 481, 482

(1925). We find nothing arbitrary, unreasonable or oppressive about this ordinance.

[4] Defendant appellee also challenges the ordinance of Atlantic Beach on the grounds that it violates the equal protection clauses of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1 and 19 of the North Carolina Constitution. There is no doubt that the police power as exercised by the Town of Atlantic Beach is subordinate to the equal protection guarantees of the federal and state constitutions. *State v. Scoggin*, 236 N.C. 1, 72 S.E. 2d 97 (1952); *Zopfi v. City of Wilmington*, 273 N.C. 430, 160 S.E. 2d 325 (1968). However, one of the basic principles involved in considering the validity of legislation assailed under equality provisions is that the state enjoys a wide range of discretion. *State v. Davis*, 157 N.C. 648, 73 S.E. 130 (1911).

Whenever a statute or ordinance is challenged as a violation of equal protection guarantees, the first determination to be made by a court is what standard of review will be used to decide constitutionality. "Traditionally, courts employ a two-tiered scheme of analysis. . . ." *Texfi Industries, Inc. v. City of Fayetteville*, 301 N.C. 1, 10, 269 S.E. 2d 142, 149 (1980). The first tier of review requires "strict scrutiny" in which the government must demonstrate that its action is necessary to promote a compelling state interest. *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 39 L.Ed. 2d 306, 94 S.Ct. 1076 (1974). The second tier of review simply requires that the contested ordinance bear some rational relationship to a legitimate state interest. *New Orleans v. Dukes*, 427 U.S. 297, 49 L.Ed. 2d 511, 96 S.Ct. 2513 (1976). "When an equal protection claim does not involve a 'suspect class' or a fundamental right, the lower tier of equal protection analysis is employed." *Texfi Industries, Inc. v. City of Fayetteville*, 301 N.C. 1, 11, 269 S.E. 2d 142, 149 (1980).

We believe that the defendant does not fall within a suspect classification nor do we feel that the right to keep two goats and one pony in a house within a town's corporate limits is a fundamental right. We therefore will review this ordinance under the lower tier analysis. As indicated within this opinion the health and welfare of the citizens of this state is a legitimate state interest. In addition, a prohibition against animals, other than house

pets, within a town's corporate limits is rationally related to such a legitimate state concern. As a result we find that the ordinance passed by the Town of Atlantic Beach does not violate the equal protection rights guaranteed under the state and federal constitutions.

Defendant-appellee also challenges the validity of this ordinance on the basis that it was enacted under improper procedures since one vote was cast over the phone. We find no support for this contention in the record or briefs in this case. We must conclude that the ordinance was enacted within the guidelines established by the legislature and the Town of Atlantic Beach.

We therefore hold that the opinion of the Court of Appeals is reversed and this case remanded to that Court for a remand to Superior Court of Carteret County for summary judgment to be entered for the plaintiff, Town of Atlantic Beach.

Reversed and remanded.

Justice MARTIN took no part in the consideration or decision of this case.

Justice CARLTON concurs in the result.