TRANSYLVANIA COUNTY, TRANSYLVANIA COUNTY BOARD OF COMMISSIONERS, TRANSYLVANIA COUNTY INSPECTIONS DEPARTMENT, PLAINTIFFS V. FRANK A. MOODY, PNE AOA MEDIA, LLC, DEFENDANTS

No. COA01-485

(Filed 16 July 2002)

**1. Zoning— sign control ordinance—general police power**

Transylvania County had the statutory authority to enact a sign control ordinance under the general police power granted in N.C.G.S. § 153A-121.

**2. Zoning— sign control ordinance—public safety purpose**

Transylvania County did not exceed its authority by imposing its aesthetic tastes on the county in enacting a sign control ordinance where the ordinance stated that one purpose was to insure motorist safety by reducing distractions. Public safety is well within the authority granted by N.C.G.S. § 153A-121(a).

**3. Constitutional Law— due process—sign control ordinance—not arbitrary or unreasonable—legitimate state objective**

A sign control ordinance was not arbitrary and unreasonable in violation of due process where aesthetics was only one of the listed purposes of the ordinance, there was nothing arbitrary or unreasonable about the restrictions, and the ordinance was reasonably related to the legitimate state objective of protecting the health, welfare and safety of the county's citizens.

**4. Constitutional Law— sign control ordinance—equal protection—legitimate state interest—restrictions rationally related to state interest**

A sign control ordinance did not violate equal protection because the health, welfare and safety of citizens is a legitimate state interest and the restrictions in the ordinance are rationally related to that interest.

**5. Zoning— sign control ordinance—enforcement provisions—notice—strict adherence**

The trial court erred by assessing a civil penalty against defendants for violation of a sign control ordinance where the county did not strictly adhere to the ordinance's enforcement provisions concerning notice.

Appeal by defendants from judgment and order entered 28 December 2000 by Judge Mark Powell in Transylvania County District Court. Heard in the Court of Appeals 12 March 2002.

*Law Offices of Michael C. Byrne, by Michael C. Byrne, for plaintiff-appellees.*

*Holt York McDarris, LLP, by Jeffrey P. Gray and Charles F. McDarris, for defendant-appellants.*

CAMPBELL, Judge.

On 22 September 1999, Transylvania County, the Transylvania County Board of Commissioners and the Transylvania County Inspections Department (hereinafter, "Plaintiffs" or "the County") filed a complaint against Frank A. Moody and PNE AOA Media, LLC (hereinafter, "Defendants"), alleging that Defendants had violated certain provisions of the Transylvania County Sign Control Ordinance (hereinafter, "the ordinance"). Plaintiffs sought an injunction and/or an order of abatement ordering Defendants to dismantle and remove two sign structures alleged to be in violation of the ordinance. The County also sought to recover a civil penalty of $100.00 per day for each day that Defendants' sign structures were in violation of the ordinance. On 30 November 1999, Defendants answered Plaintiffs' complaint, filed a motion to dismiss, and asserted a counterclaim alleging that the ordinance exceeded the County's statutory authority and was unconstitutional. On 1 December 1999, Plaintiffs filed a reply and a motion to dismiss Defendants' counterclaim.

The trial court heard arguments and entered a judgment and order on 23 December 2000 denying Defendants' motion to dismiss Plaintiffs' claim and granting Plaintiffs' motion to dismiss Defendants' counterclaim. In addition, the trial court entered an order of abatement directing Defendants to dismantle the two sign structures and remove them within sixty days of 18 December 2000. The trial court also granted Plaintiffs' motion for a permanent injunction enjoining Defendants "from erecting any billboard or off-premise sign in the areas of Transylvania County governed by the ordinance except as in the manner permitted by the ordinance." Finally, the trial court entered judgment against Defendants, jointly and severally, in the amount $22,300.00 as a civil penalty for violating the ordinance.

The ordinance in question was enacted on 23 September 1991 by the Transylvania County Board of Commissioners pursuant to the

general ordinance-making authority conferred upon it by N.C. Gen. Stat. § 153A-121.[1] The stated purpose of the ordinance is to:

(1) Guide and regulate the construction and placement of signs in the county in order to preserve the scenic and aesthetic features of the county and the quality of life for residents and visitors. The board of commissioners is aware of, and sensitive to, the need for local businesses to adequately identify their products and services and is committed to safeguarding the interests of local businesses while providing reasonable regulations.

(2) Insure the safety of the local and visiting motorist on the roads in the county by reducing the distracting influence of uncontrolled signs throughout the county.

Sign Control Ordinance of Transylvania County, North Carolina (hereinafter, "Sign Control Ordinance") § 16-103.

Section 16-106 of the ordinance requires that all signs not otherwise prohibited or exempted by its terms shall have a permit prior to construction and shall be constructed in accordance with the North Carolina State Building Codes. Section 16-106 of the ordinance also regulates the size, height, configuration and location of both on-premise and off-premise signs.

Section 16-108 of the ordinance requires that all signs not otherwise prohibited or exempted must have a sign permit and permit emblem issued by the County's Sign Enforcement Officer prior to construction, placement or repair. New signs and sign structures shall not be constructed until a permit and permit emblem have been issued and the permit emblem must be placed on the sign structure so as to be visible from the nearest adjacent road.

Section 16-109 sets forth the administration and enforcement provisions of the ordinance. The County's Sign Enforcement Officer is authorized to issue a violation notice identifying the sign, the nature of the violation, and the section of the ordinance violated. The violation notice shall specify in detail what action must be taken to correct the violation and specify a reasonable time up to fifteen calendar days within which the violator must correct the violation. Sign Control Ordinance § 16-109(a)(1). If the sign or sign structure is not corrected

---

1. N.C.G.S. § 153A-121(a) (2001) provides:

A county may by ordinance define, regulate, prohibit, or abate acts, omissions, or conditions detrimental to the health, safety, or welfare of its citizens and the peace and dignity of the county; and may define and abate nuisances.

within the time allotted in the violation notice, the Sign Enforcement Officer is authorized to issue a compliance order which also must identify the sign and the section of the ordinance violated.[2] The compliance order recipient (the sign owner or the record owner of the property on which the sign is located) is then allowed thirty calendar days to remove the subject sign at the owner's expense. Sign Control Ordinance § 16- 109(a)(2). The recipient of a violation notice and/or compliance order has thirty working days in which to appeal to the County Planning Board. If the Planning Board finds that the action of the Sign Enforcement Officer has been taken for good cause and in accordance with the ordinance, it shall so declare and the time period for compliance shall run from the issuance of the Board's order. Sign Control Ordinance § 16-109(b).

After the owner of the sign, or the property on which the sign is located, has received a violation notice *and* compliance order (or just a compliance order if that is all that is required under the ordinance), and has failed to comply within the time set forth in the ordinance, the Sign Enforcement Officer or the County Attorney may impose a civil penalty of up to $100.00 per day. Sign Control Ordinance § 16-109(c). The County is also authorized to enforce the ordinance by any one of the remedies set forth in N.C. Gen. Stat. § 153A-123, with the exception of N.C.G.S. § 153A-123(b). The available remedies permitted by N.C.G.S. § 153A-123 and authorized by the ordinance include injunctions and abatement orders.

In July 1999, Defendant PNE AOA Media, LLC, an outdoor advertising company, constructed two single-pole steel sign structures with lights installed for the purpose of erecting billboards on property owned by Defendant Frank Moody. Defendants did not apply for a permit prior to beginning or completing construction of the sign structures as required by the ordinance, did not pay the necessary fees connected with the permitting process under the ordinance, and did not obtain a permit emblem to display on the sign structures as required by the ordinance.

On 12 August 1999, the Transylvania County Inspections Department posted a Stop Work Order and a Notice of Violation/ Compliance Order on one of Defendants' sign structures. The Stop

---

2. For a prohibited sign or any temporary portable sign not permitted by the ordinance, the Sign Enforcement Officer may issue a compliance order without having first issued a violation notice. For all other violations, such as the violations at issue in the case *sub judice*, a violation notice must be issued first, followed by a compliance order. Sign Control Ordinance § 16-109(a)(1)-(2).

Work Order specified that the sign structure was in violation of the ordinance for having no permit. The Violation Notice/Compliance Order directed Defendants to contact the Planning Department and listed the telephone number. The Violation Notice/Compliance Order also notified Defendants that construction of a sign without a permit violated section 16-106 of the ordinance and that violators of the ordinance were subject to a civil penalty of up to $100.00 per day.

On 20 August 1999, Plaintiffs posted a second Stop Work Order and Violation Notice/Compliance Order on Defendants' sign structures identical in all respects to the notice posted on 12 August 1999. In response, Defendant Frank Moody, General Manager of PNE AOA Media, LLC, and the property owner, sent the County Planning Department a facsimile message that read as follows:

> It is the position of PNE AOA Media, LLC, and Frank A. Moody II, that there has been no wrongdoing in erecting two steel poles on privately owned, unzoned property. Should you have any further complaints, please be advised you may contact our attorneys[.]

On 26 August 1999, Defendants were served with a letter from the County's Director of Inspections which was titled: "RE: NOTICE OF VIOLATION SIGN CONTROL ORDINANCE OF TRANSYLVANIA COUNTY." The letter stated that Defendants' sign structures were in violation of the ordinance's requirements regarding size, location, compliance with the North Carolina State Building Code, and obtaining a permit prior to construction. Defendants were informed that they had ten days to bring the violations into compliance with the ordinance and thirty working days in which to appeal to the County Planning Board. This letter made no reference to the civil penalty of up to $100.00 per day set forth in the ordinance.

On 22 September 1999, prior to the expiration of Defendants' thirty-day period in which to appeal the violation letter, the County filed the instant action which resulted in the order and judgment appealed from by Defendants. Defendants maintain that the ordinance is not statutorily authorized, is an arbitrary and unreasonable violation of due process, and violates the Equal Protection Clause. Defendants further maintain that the trial court erred in imposing the $22,300.00 civil penalty on Defendants because Plaintiffs failed to follow the notice requirements set forth in the ordinance.

[1] Defendants first argue that the Transylvania County Sign Ordinance was enacted in violation of the procedural safe-

guards applicable to zoning and the regulation of land use set forth in Article 18 of Chapter 153A of the North Carolina General Statutes. We disagree.

Article 18 of the General Statutes sets forth rules for county planning and regulation of development. N.C. Gen. Stat. § 153A-320 to -378 (2001). In passing ordinances pursuant to Article 18, counties must follow certain notice and public hearing requirements. *See* N.C.G.S. §§ 153A-323 and 153A-343. In addition, N.C.G.S. § 153A-341 requires that all zoning regulations adopted by counties "shall be made in accordance with a comprehensive plan[.]"

The record in the instant case shows that the Transylvania County Sign Ordinance was enacted in September 1991 while a document entitled "A Comprehensive Plan For Transylvania County" was not adopted until January 1994. Accordingly, Defendants claim that the County failed to follow the statutory procedures for the adoption of land use regulations by enacting the ordinance before the adoption of a comprehensive zoning plan. Defendants also claim that the document entitled "A Comprehensive Plan For Transylvania County" does not meet the definition of a comprehensive zoning plan as set forth by the appellate courts of this State. Further, Defendants question whether the County followed the notice and public hearing requirements set forth in Article 18. For these reasons, Defendants contend that the ordinance exceeded the County's statutory authority and is thus null and void.

The County responds by arguing that it was not required to adhere to Article 18 because the ordinance was enacted pursuant to the general police power granted counties under N.C.G.S. § 153A-121. Plaintiffs correctly point out that section 16-102 of the ordinance expressly states that it was enacted "[p]ursuant to the authority and provision conferred in Chapter 153A-121(a)."

The dispositive question is whether the County had the authority to pass the ordinance pursuant to N.C.G.S. § 153A-121, or was the County required to follow the requirements of Article 18 in adopting the ordinance. This Court addressed the exact issue in *Summey Outdoor Advertising v. County of Henderson*, 96 N.C. App. 533, 386 S.E.2d 439 (1989), which involved a challenge to a Henderson County Sign Control Ordinance which was likewise expressly enacted pursuant to N.C.G.S. § 153A-121. In upholding the Henderson County ordinance, the *Summey* Court held:

We do not believe that because defendant has authority to regulate signs under G.S. 153A-340 **[Article 18]**, it may not regulate signs in a similar manner under the general police powers in G.S. 153A-121 (allowing regulation of "conditions detrimental to the health, safety or welfare of its citizens and the peace and dignity of the county . . ."). G.S. 153A-121 and 153A-340 **[Article 18]** do not operate exclusively of each other. *See* G.S. 153A-124 (Specific powers enumerated in Article 6, **[or other portions of]** Chapter 153A to "regulate, prohibit or abate acts, omissions or conditions **[are]** not exclusive [or] a limit on the general authority to adopt ordinances . . . [under] G.S. 153A-121.").

*Id.* at 538, 386 S.E.2d at 443 (alterations in bold added). The Court further stated:

While it may have been more desirable and better planning for [the county] to adopt a county-wide zoning ordinance, the fact that [the county] did not do so does not preclude [the county] from regulating outdoor advertising signs under G.S. 153A-121.

*Id.* (alterations added).

This Court recently reaffirmed its decision in *Summey* in a case involving a challenge to a sixty-day outdoor advertising moratorium passed by the Jackson County Board of Commissioners pursuant to N.C.G.S. § 153A-121. *PNE AOA Media, L.L.C. v. Jackson Cty.*, 146 N.C. App. 470, 554 S.E.2d 657 (2001).

In both written and oral argument, Defendants asked this Court to reconsider and reverse its earlier decision in *Summey* and hold that a county may not use the general police power under N.C.G.S. § 153A-121 to regulate land use through the adoption of a general sign control ordinance. However, we are bound by this Court's prior decisions in *Summey* and *PNE AOA Media. See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court."). Defendants have not presented arguments distinct from those rejected in these earlier decisions and have failed to bring to our attention a decision of the Supreme Court overturning, expressly or by implication, *Summey* or *PNE AOA Media*. Therefore, we conclude that Transylvania County had the statutory authority under N.C.G.S. § 153A-121 to enact the sign control ordinance in question in the instant case.

**[2]** Moreover, the County did not exceed its authority under N.C.G.S. § 153A-121(a), as Defendants contend, by allowing the "county board of commissioners to impose its own aesthetic tastes on [the] entire county." Contrary to Defendants' assertion, aesthetics is not the only purpose of the ordinance. Section 16-103(2) states that one purpose of the ordinance is to "[i]nsure the safety of the local and visiting motorist on the roads in the county by reducing the distracting influence of uncontrolled signs throughout the county." This public safety purpose is well within the authority granted by N.C.G.S. § 153A-121(a).

**[3]** Defendants next challenge the validity of the ordinance on the grounds that it is arbitrary and unreasonable in violation of due process. We find no merit to this claim.

In order to determine whether the ordinance is unconstitutionally arbitrary and unreasonable we look to see if the ordinance is reasonably related to the accomplishment of a legitimate state objective. *Town of Atlantic Beach v. Young*, 307 N.C. 422, 428, 298 S.E.2d 686, 690-91 (1983); *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E.2d 444 (1979); *Raleigh Mobile Home Sales, Inc. v. Tomlinson*, 276 N.C. 661, 174 S.E.2d 542 (1970). The County passed the ordinance in question pursuant to its police power under N.C.G.S. § 153A-121(a) ("A county may by ordinance define, regulate, prohibit . . . conditions detrimental to the health, safety or welfare of its citizens."), and the ordinance expressly states that one of its purposes is to insure the safety of its citizens while traveling on roads in the county. While the mere assertion within an ordinance that it is for the public welfare is not enough in and of itself to make the ordinance a constitutionally valid exercise of police power, there can be no question that the public purpose of protecting the health, welfare and safety of the citizens of this State is a legitimate state objective. *Town of Atlantic Beach*, 307 N.C. at 428, 298 S.E.2d at 691. Thus, we are left to determine whether the contested ordinance is reasonably related to protecting the health, welfare and safety of the citizens of the County.[3]

The ordinance in question does not prohibit the erection of all signs within the County's jurisdiction. The provisions of the ordinance completely prohibit certain types of signs, expressly exempt

---

3. The ordinance also states as one of its purposes the preservation of "the scenic and aesthetic features of the county and the quality of life for residents and visitors." Sign Control Ordinance § 16-103. Since aesthetics is listed as only one of the purposes for the ordinance, we need not consider whether the ordinance is constitutional as an aesthetics-only regulation.

other types of signs, and for signs and sign structures not otherwise prohibited or exempted, like the ones in the instant case, the ordinance merely sets forth restrictions as to their size, location and configuration, and requires that a permit be secured prior to construction. We find nothing arbitrary or unreasonable about these restrictions. In fact, the ordinance allows Defendants to obtain permits for all outdoor advertising signs so long as such signs comply with the ordinance's restrictions. Thus, we conclude that the ordinance is reasonably related to the legitimate state objective of protecting the health, welfare and safety of the County's citizens.

**[4]** Defendants also challenge the ordinance on the grounds that it violates the Equal Protection Clauses of the United States and North Carolina Constitutions. We disagree.

When a statute or ordinance is challenged on equal protection grounds, the first determination for the court is what standard of review to apply in determining constitutionality. It is well settled that when an equal protection claim does not involve a suspect class or a fundamental right, the contested ordinance need only bear a rational relationship to a legitimate state interest. *Id.* at 429, 298 S.E.2d at 691 (citing *New Orleans v. Dukes*, 427 U.S. 297, 49 L. Ed. 2d 511 (1976)).

Defendants in the instant case do not fall within a suspect class and we do not view the right to construct outdoor advertising signs within a county's jurisdiction as a fundamental right. Thus, we need only find a rational relationship between the ordinance and a legitimate state interest. As earlier indicated, the health, welfare and safety of the citizens of this State is a legitimate state interest. In addition, we find that the restrictions in the ordinance in question are rationally related to such a legitimate state concern. Therefore, we conclude that the ordinance does not violate the equal protection guarantees of the federal and state constitutions.

**[5]** Defendants next argue that the trial court erred in assessing a civil penalty against them because the County did not follow the notice requirements set forth in the ordinance. We agree.

The record shows that the County posted a Stop Work Order and Violation Notice/Compliance Order on the sign structures in question on two occasions (12 August and 20 August). These two notices identified the nature of the violation (No permit) and the section of the ordinance violated (Section 16-106), directed Defendants to contact

the Planning Department, and notified Defendants that violation of the ordinance could result in a civil penalty of up to $100.00 per day. However, these two preliminary notices did not "specify a reasonable time limit of up to fifteen (15) calendar days within which the violation must be corrected." Sign Control Ordinance § 16-109(a)(1). As a result, these preliminary notices did not adhere to the requirements for violation notices set forth in Section 16-109(a)(1) of the ordinance.

On 26 August 1999, following the two preliminary notices, the County sent Defendant Moody a letter entitled: "RE: NOTICE OF VIOLATION SIGN CONTROL ORDINANCE OF TRANSYLVANIA COUNTY." This letter identified in detail the sections of the ordinance allegedly being violated by Defendants' sign structures. The letter also informed Defendants that they had ten days to correct the violations and thirty days to appeal the decision of the Sign Enforcement Officer to the County Planning Board. However, this letter made no reference to the civil penalty authorized under the ordinance.

At no point in the enforcement process did the County provide Defendants with notice that they had thirty calendar days in which to remove the subject sign structures, as set forth in Section 16-109(a)(2). Consequently, the County never issued Defendants a valid compliance order adhering to the requirements of Section 16- 109(a)(2). For violations such as those alleged in the instant case, Section 16-109(c) of the ordinance does not allow the County to impose a civil penalty until the violator has been provided with due notice *and* order. Here, Defendants were never issued a proper violation notice followed by a proper compliance order in the manner set forth in the ordinance. In addition, the County filed the complaint in the instant action before the expiration of the thirty-day period in which Defendants had a right to appeal from the violation notice letter. This right to appeal is provided in the ordinance and was set forth in the 26 August 1999 violation notice letter received by Defendants. In sum, the record reveals several ways in which the County failed to follow the procedural safeguards for administration and enforcement set forth in the ordinance.

Although the County was authorized under N.C.G.S. § 153A-123 to collect a civil penalty for violation of the terms of the ordinance, it was also required to follow the notice procedures set forth in the ordinance and this it did not do. In *Lee v. Simpson*, 44 N.C. App. 611, 261 S.E.2d 295 (1980), this Court, in striking down a zoning amendment enacted by the Union County Board of Commissioners, wrote:

"The procedural rules of an administrative agency 'are bind-
ing upon the agency which enacts them as well as upon the
public .... To be valid, the action of the agency must conform to
its rules which are in effect at the time the action is taken, par-
ticularly those designed to provide procedural safeguards for fun-
damental rights.' "

*Id.* at 612, 261 S.E.2d at 296 (citations omitted). Due to the County's
failure to strictly adhere to the ordinance's enforcement provi-
sions, we conclude that the civil penalty assessed against Defendants
cannot stand.

Having ruled in favor of Defendants on this assignment of error,
we need not address Defendants' remaining assignments of error.

In summary, we hold that enactment of the Transylvania County
Sign Control Ordinance was a valid exercise of the general police
power under N.C.G.S. § 153A-121 and that the ordinance does not vio-
late due process or equal protection. Thus, the order of abatement
and permanent injunction entered by the trial court is affirmed.
However, the civil penalty assessed against Defendants must be
vacated due to the County's failure to follow the enforcement provi-
sions set forth in the ordinance.

Affirmed in part and vacated in part.

Judges GREENE and McGEE concur.