STATE OF NORTH CAROLINA v. ADELE MAYNARD

No. COA08-847

(Filed 17 March 2009)

**Animals— ordinance limiting number of dogs—not arbitrary— related to public purpose**

A town ordinance limiting the number of dogs that could be kept on a property was constitutional where the ordinance was enacted to reduce noise and odor problems, which are clearly legitimate public purposes, the limitation is directly connected to those purposes, and a limit based on the size of the lot, the number of dogs, and the age of the dogs is not arbitrary.

Appeal by defendant from judgment entered 17 January 2008 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 15 January 2009.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Daniel F. Read, for defendant-appellant.*

STEELMAN, Judge.

Where the city ordinance limiting the number of dogs to be kept on premises within the city limits was rationally related to the accomplishment of a legitimate governmental objective, the trial court did not err in denying defendant's motion to dismiss.

## I. Factual and Procedural Background

On 4 March 2003, the Town Council of Nashville, North Carolina, adopted an ordinance which limited the number of dogs, greater than five months of age, that could be kept on property in the town of Nashville to three. The ordinance provided:

Sec. 4.3 Number of dogs to be kept on premises.

(a) It shall be unlawful for any person to keep or maintain more than two (2) dogs on any lot or parcel of land having less than thirty thousand (30,000) square feet, and an additional seven thousand (7,000) square feet shall be required for an additional dog. A total of no more than three (3) dogs shall be

allowed on any lot or parcel of land within the town limits regardless of square footage. Provided, however, this limitation shall not apply to dogs which are less than five (5) months of age.

(b) Dog owners will have ninety (90) days from the effected [sic] date of section 4-3 [previously section 4-91] to bring their property into compliance.

Adele Maynard ("defendant") was notified by a letter dated 7 April 2003 that she was not in compliance with the ordinance, and was informed that she had 90 days to come into compliance. On 3 January 2007, defendant was cited for keeping more than three dogs at her Nashville residence in violation of the ordinance.

Defendant was found guilty by a jury of violating Section 4.3 of the city ordinance and of keeping noisy animals. The trial court found defendant to be a prior record level 1 for misdemeanor sentencing purposes. The trial court consolidated the offenses and imposed a sentence of ten days, which was suspended, a fine of $25.00, costs of court, and twelve months unsupervised probation. As a special condition of probation, defendant was directed to comply with the Nashville City Ordinance regarding dogs within thirty days. Defendant appeals.

## II. Constitutionality of Ordinance

In her sole argument on appeal, defendant contends that the trial court erred in denying her motion to dismiss on the grounds that the city ordinance limiting the number of dogs that she could keep in her residence was unconstitutional. We disagree.

"It is well settled that de novo review is ordinarily appropriate in cases where constitutional rights are implicated." *Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001) (citations omitted).

Local governments have only powers conferred to them by the Legislature. *Keiger v. Board of Adjustment*, 281 N.C. 715, 720, 190 S.E.2d 175, 179 (1972); *see also High Point Surplus v. Pleasants*, 264 N.C. 650, 654, 142 S.E.2d 697, 701 (1965) (counties "possess only such powers and delegated authority as the General Assembly may deem fit to confer upon them."). Pursuant to N.C. Gen. Stat. § 160A-186 (2007), a city may adopt an ordinance to "regulate, restrict, or prohibit the keeping, running, or going at large of any

domestic animals, including dogs and cats." This police power may be exercised in order "to protect or promote the health, morals, order, safety and general welfare of society." *Town of Atlantic Beach v. Young*, 307 N.C. 422, 427, 298 S.E.2d 686, 690 (1983) (quotation and citations omitted); *see also* N.C. Gen. Stat. § 160A-174 (2007).

Defendant's argument on appeal is that the ordinance in this case is "arbitrary and without any justification" and "fails to stand upon a rational basis."

"In reviewing an ordinance to determine whether the police power has been exercised within constitutional limitations, this Court does not analyze the wisdom of a legislative enactment." *Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 443, 358 S.E.2d 372, 374 (1987) (citation omitted). "In order to determine whether [an] ordinance is unconstitutionally arbitrary and unreasonable we look to see if the ordinance is reasonably related to the accomplishment of a legitimate state objective." *Atlantic Beach* at 428, 298 S.E.2d at 690-91 (citations omitted). Unless a statute is clearly prohibited by the Constitution, the appellate courts of North Carolina presume that it is constitutional. *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 167-68, 594 S.E.2d 1, 7 (2004). Likewise, municipal ordinances are presumed to be valid. *McNeill v. Harnett County*, 327 N.C. 552, 565, 398 S.E.2d 475, 482 (1990). The burden of showing that a municipal ordinance is invalid falls on the party challenging the constitutionality of the ordinance. *Atlantic Beach* at 426, 298 S.E.2d at 690.

Defendant argues that the restrictions of no more than three dogs over five months of age is inherently arbitrary, and that the ordinance should have considered and regulated pets "by weight or other characteristics" rather than just by the number of pets. She cites to the ordinance adopted by the city of Marion, South Dakota, and discussed in the case of *City of Marion v. Schoenwald*, 631 N.W.2d 213 (2001). That ordinance limited households to four dogs and four adult cats, with the additional requirement that only two of the dogs could "weigh more than twenty-five pounds," and did not apply to kittens and puppies less than eight weeks old. *Schoenwald* at 215, footnote 1.

We note that this ordinance is in some respects more restrictive, and in some respects more lenient, than the Nashville ordinance before this Court. Clearly defendant would like to craft an ordinance based on numbers of pets and their characteristics that would allow

her to retain all of her pets. So would every other pet owner within the municipal limits of Nashville. For this reason, the decision for the regulation of pets has been vested in the elected representatives of Nashville, so that the interests of the entire community can be considered and balanced in crafting an ordinance.

The Nashville ordinance does not set an arbitrary, immutable limit on the number of pets. Rather, the number of dogs allowed is based on the square footage of the lot. Further, there is no restriction on the number of dogs less than five months old. The fact that Nashville chose to regulate by size of lot, number of dogs, and age of dogs rather than by size or breed of dog does not render the ordinance arbitrary and unconstitutional.

We agree with the following portion of the analysis found in the *Schoenwald* case:

A maximum of four dogs per household is scarcely over restrictive. As we have said, numerous courts have upheld stricter limits. Too many dogs in one place can produce noise, odor, and other adverse conditions. *Downing v. Cook*, 69 Ohio St. 2d 149, 431 N.E.2d 995, 997 (Ohio 1982). . . . From our extensive research on similar decisions throughout the country, we think it significant that with growing urbanization over the past fifty years, courts have become increasingly deferential to local authorities in upholding diverse pet control measures.

*Schoenwald* at 218.

In the instant case, the record reveals that the town of Nashville enacted the ordinance at issue for the purpose of reducing noise and odor problems within the city limits. These objectives are clearly legitimate public purposes, and a limitation on the number of dogs per lot is directly connected to these objectives. Based on the record in this case, including the evidence presented, defendant has failed to meet her burden of showing that the ordinance is arbitrary, unreasonable, and unrelated to the public health and welfare of the citizens of Nashville, and we hold that the ordinance is constitutional.

Defendant's argument is without merit.

Defendant makes no argument in her brief concerning her conviction for keeping noisy animals and any assignment of error pertaining to that conviction is deemed abandoned. N.C. R. App. P. 28(b)(6) (2008).

NO ERROR.

Judge GEER concurs.

Judge STEPHENS concurs in result only.