MAURICE AMOS SPELL v. MECHANICAL CONTRACTORS, INC.

(Filed 8 April, 1964.)

**1. Negligence § 37f—**

Negligence is not presumed from the mere fact of injury, and the doctrine of *res ipsa loquitur* does not apply to an action against a contractor by a pedestrian injured in a fall in a filled ditch in a driveway.

**2. Negligence § 37b—**

The person responsible for the condition of the premises is not under duty to give warning of obvious dangers.

**3. Same— Evidence held insufficient to show hidden defect of which contractor should have given warning.**

Plaintiff's evidence tended to show that when he stepped into dirt filling a ditch excavated by defendant his foot mired down ten to twelve inches, and he fell to his injury. Plaintiff's evidence further tended to show that it had rained for several days prior to the injury, that he had traversed the ditch by automobile and by foot shortly before the accident in suit and that there was nothing from the appearance of the dirt in the ditch to indicate hazard. There was no evidence that the ditch had been improperly filled. *Held:* Plaintiff's own evidence fails to show defect which defendant should have discovered by reasonable inspection, and nonsuit should have been entered.

APPEAL by defendant from *Mintz, J.,* June 1963 Session of SAMPSON.

Plaintiff instituted this action to recover for personal injuries sustained on the afternoon of January 24, 1958 when he fell while crossing a newly filled ditch which defendant contractor had constructed across the approach to the emergency entrance of the Sampson County Memorial Hospital. He alleged that his injuries were proximately caused by the negligence of the defendant in that, with full knowledge that the dirt in the ditch had become soft and insecure as a result of rain and knowing that it was necessary for the public to cross it to use the hospital emergency entrance, the defendant failed (1) to light the space; (2) to barricade the same; (3) to provide adequate and secure bridging of the ditch; or (4) to place a sign or signs warning pedestrians, including plaintiff, of the unsafe, insecure, and dangerous condition. The defendant denied any negligence and, in the alternative, plead the plaintiff's contributory negligence.

On the trial, plaintiff's evidence tended to show the following facts:

On January 24, 1958 it had been raining for three or four days. It was still raining between 3:30 and 4:00 p.m. when plaintiff drove his automobile across a four-foot wide ditch which defendant had cut through the asphalt approach to the Sampson County hospital and

then refilled with dirt, sand, and gravel. Except where ambulances and other traffic had packed it down, the top of the ditch was covered by a mound of dirt about ten inches high. There were no barricades, warning signs, or flares at the ditch and no bridge over it.

Plaintiff deposited a patient at the emergency entrance and then drove his automobile back over the ditch and left it in a parking area. He returned to the ditch, walked across it without any difficulty at the place he had crossed in the car, and entered the hospital. While there he observed two or three cars cross the filled ditch. When plaintiff was ready to leave the hospital he started across the ditch at the place where he had walked previously "in the same tracks. There were two ruts and everyone had been using the same ruts." According to plaintiff's evidence, the ditch "looked good enough for anybody to walk . . . There was nothing about the ditch to indicate that (he) might mire down in it . . . it all looked like it was safe." His left foot mired down about twelve to fifteen inches and he fell to the pavement permanently injuring his left shoulder.

Defendant's evidence tended to establish these facts:

Over a period of two weeks prior to January 24, 1958 defendant cut and filled a thirty-inch wide ditch for a water line across the approach to the emergency entrance of the hospital. The ditch was dug and filled in short sections so as never to cut off access to the emergency entrance. The defendant covered the pipe with a four or five-inch layer of dirt and tamped it. This process was repeated until a mound formed. A truck was then driven up and down the ditch at least a hundred times, further tamping the dirt until it was six to eight inches above the pavement. The ditch was plainly visible. "It was like a sore thumb sticking up." On the day plaintiff fell, the work had been finished between 2:00 and 3:00 p.m. At that time the ditch appeared to the defendant's supervisor and the hospital's engineer to be absolutely all right. Automobiles were driving over it and people were walking across it. However, because of the rain, the dirt was slick in top of the ditch.

On Saturday, the day after plaintiff fell, R. E. Adams, the paving contractor, inspected the ditch to see if it was in condition for paving. He found it to be solid. The following Tuesday he removed four inches of the dirt from the ditch and it was so solid he did not retamp the remaining dirt before pouring the asphalt. He discovered no soft spot when he removed the dirt from the place where plaintiff said he fell. In paving over the ditch Adams cut away the old asphalt on each side so that the edge of the new pavement would be resting on undisturbed

dirt. For that reason, the new pavement over the ditch was four feet wide.

Defendant's motions for nonsuit, timely made, were overruled. The court submitted issues of negligence, contributory negligence, and damages which the jury answered in favor of the plaintiff. From a judgment on the verdict the defendant appealed, assigning as error, *inter alia*, the failure of the court to allow its motion for nonsuit at the close of all the evidence.

*Britt & Warren; Jones, Reed & Griffin for plaintiff appellee.*
*D. Stephen Jones and P. D. Herring for defendant appellant.*

SHARP, J.  Plaintiff bases his case upon the allegation that the defendant knew, or as a result of its experience in making excavations, should have known, that the continuous rain had made the fresh dirt in the ditch soft and unstable and that, notwithstanding such knowledge, defendant failed either to barricade or bridge the ditch or to give warning of this unsafe condition. Plaintiff has neither allegation nor proof that the initial construction of the ditch was negligently or improperly done. The sole evidence relating to that construction came from defendant's witnesses and tended to show that the ditch had been properly filled and tamped with care. Nevertheless, if the ditch later became unsafe as the result of a hidden defect, it was the defendant's duty to give warning of it and to take reasonable precautions to protect persons entering and leaving the hospital from injuries arising from the hazard if its agents knew, or in the exercise of reasonable supervision and inspection, should have discovered the peril. *Spell v. Smith-Douglas Co.,* 250 N.C. 269, 108 S.E. 2d 434.

However, in this case there is no evidence to sustain plaintiff's contention that a reasonable inspection of the ditch by defendant would have disclosed the soft spot into which he says he mired. Indeed, all the evidence is to the contrary. Defendant's superintendent had inspected the ditch within two hours of the time plaintiff fell and found it safe. One of the plaintiff's witnesses said that "he or anybody else would have thought it could be stepped on in safety." Plaintiff had twice driven his automobile across the ditch and had once walked across the same spot where he later fell. He himself testified that there was nothing to indicate any hazard whatever. By the same token, there was nothing to indicate to defendant any necessity for the barricades, bridging, and warnings which plaintiff complains should have been there but were not.

Admittedly, plaintiff knew from his own experience that rain will soften newly disturbed dirt and that wet dirt is often slick. Defendant

was not bound to warn him of an obvious danger. *Presley v. Allen & Co.,* 234 N.C. 181, 66 S.E. 2d 789.

Certainly the plaintiff's evidence that his foot mired ten or twelve inches down in the ditch tends to show that there was a soft spot in the dirt. However, the mere existence of a condition which causes an injury is not negligence *per se,* and the occurrence of the injury does not raise a presumption of negligence. *Welling v. Charlotte,* 241 N.C. 312, 85 S.E. 2d 379. The doctrine of *res ipsa loquitur* has no more application to an action against a contractor by a pedestrian who has fallen in a filled ditch in a hospital driveway than it would to an action against a municipality by reason of injuries to a person using its public street. *Smith v. Hickory,* 252 N.C. 316, 113 S.E. 2d 557.

Plaintiff's evidence is insufficient to sustain his allegation that a reasonable inspection by the defendant would have disclosed the hidden defect which he contends caused his fall. *Spell v. Smith-Douglas Co., supra.* Consequently, the motion for judgment of nonsuit should have been allowed.

Reversed.