### PRISCILLA C. EVANS v. LLOYD A. BATTEN.

(Filed 14 October, 1964.)

**1. Negligence § 34—**

   Slight depressions, unevenness and irregularities in outdoor walkways are so common that their presence is to be anticipated by prudent persons, and therefore a complaint alleging that plaintiff fell when her heel caught in a depression slightly more than a half-inch in depth in the pavement of an outdoor walk to the parking area of a restaurant, fails to state a cause of action.

**2. Pleadings § 19—**

   Where the facts alleged in the complaint, taken as true, disclose that plaintiff has no cause of action, the court properly dismisses the action.

APPEAL by plaintiff from *Parker, J.,* April 1964 Civil Session of WILSON.

Action to recover for personal injury suffered in a fall on a walkway. Plaintiff's original complaint is summarized as follows:

Defendant operates a "Howard Johnson" restaurant at Wilson, N. C., and in connection therewith maintains paved areas for the parking of automobiles by customers and concrete walkways leading from the restaurant to and along the parking areas. On 27 February 1963 plaintiff, age 32, was a customer at the restaurant. After eating she left the restaurant with two companions and proceeded along the walkway toward the parking area to the south of the restaurant. It was about 1:30 P.M.; "the sun was shining, the day was clear, and the sun was shining almost directly into the eyes of the plaintiff." As plaintiff stepped down to a lower level of the walkway at the parking area, "or on her first step after so stepping down, and while the plaintiff was step-

ping with the weight on her right foot," the heel of her shoe entered an indenture in the walkway causing her ankle to twist, she fell and was seriously injured. The indenture was "in the form and shape of a shoe print" in the concrete and was 9/16 of an inch deep and 29½ inches from the step-down. At the time of her fall there was snow and ice in the parking area, but none on the walkway. The walkway was wet and a small amount of water was flowing from the parking area across the walkway.

Defendant demurred to the complaint on the ground that the facts alleged do not, as a matter of law, constitute actionable negligence on the part of defendant. The demurrer was sustained and plaintiff was given leave to amend.

The amended complaint alleges additionally that the indenture was made in the walkway at the time of its construction and has existed for ten years to the knowledge of defendant, at the time plaintiff stepped into the indenture it was wet "and some water was running across said walkway at the location of the indenture and also across the indenture, and the indenture was thereby obscured."

Defendant again demurred, asserting *inter alia* that the facts alleged are insufficient to state a cause of action against defendant. The demurrer was sustained and the action dismissed.

*Brewer & Gilliam for plaintiff.*
*Gardner, Connor & Lee for defendant.*

PER CURIAM. Plaintiff appellant contends that the facts alleged are sufficient to show that the indenture was a dangerous condition to defendant's knowledge, defendant should have foreseen that rain, melting snow and ice would flow across and tend to obscure it, and defendant neglected to give warning. We do not agree. Slight depressions, unevenness and irregularities in outdoor walkways, sidewalks and streets are so common that their presence is to be anticipated by prudent persons. We are unable to distinguish this case from those in a long line of decisions by this Court. For examples, see: *Falatovitch v. Clinton,* 259 N.C. 58, 129 S.E. 2d 598; *Bagwell v. Brevard,* 256 N.C. 465, 124 S.E. 2d 129; *Little v. Oil Co.,* 249 N.C. 773, 107 S.E. 2d 729; *Welling v. Charlotte,* 241 N.C. 312, 85 S.E. 2d 379. The demurrer was properly sustained.

Assuming that the factual allegations of the complaint are true, as we must in considering demurrer, we conclude that plaintiff has no

cause of action against defendant. Therefore, it was proper to dismiss the action. *Perrell v. Service Co.*, 248 N.C. 153, 102 S.E. 2d 785.

Affirmed.