JEANNIE RAPPAPORT v. DAYS INN OF AMERICA, INC.

No. 45

(Filed 4 January 1979)

### Negligence § 57.10— fall in motel parking lot—sufficiency of evidence of negligence

In an action to recover damages for personal injuries sustained by plaintiff when she fell in the parking lot of defendant's motel, evidence was sufficient to permit but not to require the jury to find that plaintiff was an invitee on defendant's premises; that defendant failed to exercise ordinary care to provide adequate lighting for the parking lot designed for the use of defendant's invited guests; and that such failure was the proximate cause of plaintiff's fall resulting in injury to her. Furthermore, the mere fact that plaintiff attempted to go to her room in the darkness did not constitute contributory negligence as a matter of law.

Justices BRITT and BROCK took no part in the consideration or decision of this case.

PLAINTIFF appeals from decision of the Court of Appeals, 36 N.C. App. 488, 244 S.E. 2d 487 (1978), affirming judgment of *Smith (Donald L.), J.,* entered 3 March 1977, ROBESON Superior Court.

Action to recover damages for personal injuries sustained by plaintiff on 25 March 1976 when she fell on the parking lot of defendant's motel in Lumberton.

Plaintiff's evidence tends to show that on 25 March 1976 she was eighty-two years of age and was traveling by automobile with her daughter and son-in-law from Maryland to Florida. At approximately 9 p.m. they stopped for the night at defendant's motel in Lumberton, North Carolina. None of them had been there previously. After registering, plaintiff's son-in-law drove to the rear of the motel where he had been directed to park for the second floor rooms to which they had been assigned. He parked the car on the asphalt paved parking lot with the front wheels near a concrete walkway which was adjacent to the motel building. This walkway was elevated six or seven inches above the level of the parking lot. The weather was clear but it was very dark. The only lights on the outside of the motel were those on the upper and lower porches but some obstruction prevented those lights from shining on the area where the car was parked. Two spotlights on the brick wall in the immediate vicinity of their

parked car were not burning. Before turning out the headlights plaintiff's son-in-law saw the six or seven inch step-up to the concrete sidewalk but made no comment about it to the other passengers in the car.

After parking the automobile and turning off its headlights plaintiff's son-in-law got out, opened the trunk, and took out three bags. He and plaintiff's daughter then walked toward their rooms carrying the bags with plaintiff's daughter walking in front. Plaintiff, who had been riding as a passenger in the rear seat, got out of the car and followed them, walking ten to fifteen feet behind her son-in-law. She fell in the darkness and was injured.

Additional pertinent portions of plaintiff's evidence will be narrated in the opinion.

At the close of plaintiff's evidence defendant moved for a directed verdict on the grounds that plaintiff's evidence failed to disclose any actionable negligence on defendant's part and showed contributory negligence as a matter of law. The motion was allowed, and plaintiff appealed to the Court of Appeals. That court affirmed with Judge Webb dissenting. Plaintiff thereupon appealed to the Supreme Court as of right pursuant to G.S. 7A-30(2).

*John C. B. Regan III attorney for plaintiff appellant.*

*Anderson, Broadfoot & Anderson by Hal W. Broadfoot, attorneys for defendant appellee.*

HUSKINS, Justice.

The sole question presented by this appeal is whether plaintiff's evidence, considered in the light most favorable to her, is sufficient to repel the motion for a directed verdict and carry the case to the jury. We hold that it is.

We commence with the observation that an innkeeper is not an insurer of the personal safety of his guests but is required "to exercise due care to keep his premises in a reasonably safe condition and to warn his guests of any hidden peril." *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972); *Barnes v. Hotel Corp.,* 229 N.C. 730, 51 S.E. 2d 180 (1949). The owner of the premises is liable for injuries resulting from his failure to exercise ordinary care to

keep in a reasonably safe condition that part of the premises where, during business hours, guests and other invitees may be expected. "The owner's duty extends to a parking lot provided by the owner for the use of the invitees." *Game v. Charles Stores Co.*, 268 N.C. 676, 151 S.E. 2d 560 (1966). A guest who enters upon the premises by invitation, express or implied, is an invitee. *Hood v. Coach Co.*, 249 N.C. 534, 107 S.E. 2d 154 (1959). Plaintiff has the burden of showing negligence and proximate cause, *Hinson v. Cato's, Inc.*, 271 N.C. 738, 157 S.E. 2d 537 (1967), and allegations of negligence not supported by the evidence must be disregarded. *Garner v. Greyhound Corp.*, 250 N.C. 151, 108 S.E. 2d 461, 81 A.L.R. 2d 741 (1959).

Defendant's motion for a directed verdict under Rule 50(a) presents substantially the same question as formerly presented by a motion for judgment of nonsuit under former but now repealed G.S. 1-183. *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). The question raised by such a motion is whether the evidence is sufficient to go to the jury. *Summey v. Cauthen*, 283 N.C. 640, 197 S.E. 2d 549 (1973). In passing upon such motion the court must consider the evidence in the light most favorable to the non-movant. *Kelly v. Harvester Co.*, supra. That is, "the evidence in favor of the non-movant must be deemed true, all conflicts in the evidence must be resolved in his favor and he is entitled to the benefit of every inference reasonably to be drawn in his favor." *Summey v. Cauthen*, supra. It is only when the evidence is insufficient to support a verdict in the non-movant's favor that the motion should be granted. *Husketh v. Convenient Systems*, 295 N.C. 459, 245 S.E. 2d 507 (1978); *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

With respect to contributory negligence as a matter of law, "[t]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge." *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976); *accord, Bowen v. Rental Co.*, 283 N.C. 395, 196 S.E. 2d 789 (1973).

When tested by these rules what does the evidence show? Plaintiff's daughter testified that no parking spaces were available on the same side of the building where their rooms were located and her husband pulled into a parking space that was available "right behind the building"; that "the lighting conditions in the area where plaintiff fell was dark. I did not see any spotlight. The only lights that I saw was a dim glow from far away . . . but there was no light where we were. . . . When we arrived back from the hospital in the early morning we parked in the same spot and I noticed from the distance the bulbs or spots [spotlights] and it was not lighted. We continued registered in that motel for about a week after March 25th. I did not ever notice that light on at any other time and I don't remember lights on a post in that general vicinity. . . . You cannot see the motel porch from where we parked that night so I don't know whether the lights on the motel porch were on or not. I did not see a spotlight. . . . When I got out of the car it was dark. . . ."

Leon Sherman, plaintiff's son-in-law, testified that they "stopped in Lumberton at the Days Inn at approximately 9 p.m. on the 25th day of March. . . . It was nighttime and dark. . . . After I registered for two rooms I returned to the car and proceeded to the end of the motel to locate our rooms. When I arrived at the approximate location of our rooms there was only one space left and it was at the very end of the motel. . . . I parked immediately adjacent to the building. . . . My wife got out of the car . . . and walked ahead with the key to the room. . . . There at the place that I parked there were no lights on the outside of the motel except under the walkway of the rooms. . . . I do know that it was very very dark, and I noticed that when I had to maneuver my car into the parking space. As we proceeded toward our room I followed my wife with my mother-in-law behind me and as we proceeded to our rooms I heard my mother-in-law make an exclamation from approximately ten to fifteen feet behind me. . . . I dropped my suitcase and ran back to her and found her in a seated position on the pavement of the parking lot. . . . I seated her on one of the suitcases and my wife went to get the manager of the motel" who opened the door to Room 147 and helped carry her in. "We remained in the Days Inn or at the hospital for approximately seven or eight days . . . and during that time . . . did have one occasion to observe that same area

during the nighttime. The lighting conditions of that area on the 25th of March were dark, and on the day of the 26th of March I observed a spotlight on the brick wall in the immediate vicinity where my mother-in-law fell. That spotlight consisted of two spotlights in the center of a wall pointed in opposite directions. I would say that spotlight was approximately thirty feet from where I parked my car. On the night of the 26th of March I observed that spotlight and it was not lighted. . . . When I turned my headlights out after parking my car on the night of the 25th there was total darkness in that general area. I did see the step-up or rise in the concrete sidewalk before turning out my headlights but did not make any comments to the other passengers in the car about that rise. . . . At that spot there was no lighting except lighting that was on the motel porches, but that lighting was obstructed from where I parked my car. The lighting was on the upper and lower porches beyond the wall. It was very dark at the place where I parked my car, and I only noticed how dark it was after I turned the lights off inside of my automobile. . . . There were two spotlights on the side brick wall near where we were walking and I first saw them when I returned from the hospital that same night. . . . They were not lit. That was approximately three or four o'clock the following morning. . . ."

It was stipulated and agreed that the deposition of plaintiff, taken in Rockville, Maryland, would be offered into evidence. In her deposition plaintiff testified in pertinent part: "When I got out I realized that I was on hard surface, but there were no lights in that area. It was approximately nine o'clock and it was nighttime and dark. . . . I was walking and I made a step, I think, or it was so dark that I couldn't see what it was. And I must have put my foot on the little place there. All I know is that I fell back. . . . When I fell back I hit nothing but pavement. . . . In describing exactly what caused me to fall, all I can say is that it was dark and it must have been a step there that I missed, that I didn't see, and I fell back. . . . Mrs. Sherman did get out of the car and both of them went ahead of me. I followed them in the same direction. I could see them because they were right in front of me but it was so dark that I couldn't see where I stepped. That's when I fell back and I screamed. . . . I do not know what I fell over, and all I know is that I was trying to get up. I didn't know what was

there because it was dark and I fell back, and could not see what I fell on. . . . I fell as I was taking a step upward, but I am not sure whether it was upward or straight. I felt something there but I didn't know whether there was a step there or not but I knew that I didn't make it. . . . I just couldn't see it. I just couldn't see what was there. I thought it was all level. . . . There were no lights where I fell. . . . When I walked around the car it was pitch dark there. . . . At the time that I fell I was looking in front of me. I can't say that I was looking just straight ahead but I was walking like anybody walks. I didn't look at my feet, I was just walking."

The foregoing evidence, considered in the light most favorable to plaintiff, would permit but not require a jury to find that plaintiff was an invitee on defendant's premises; that defendant failed to exercise ordinary care to provide adequate lighting for the parking lot designed for the use of defendant's invited guests; and that such failure was the proximate cause of plaintiff's fall resulting in injury to her. Plaintiff's evidence, taken as true, tends to show that the parking lot was not only inadequately lighted but that it was in total darkness, *i.e.*, "pitch dark." Since the owner of premises is under a duty to exercise ordinary care to keep that portion of his premises designed for use by his invitees in a reasonably safe condition so as not to expose them unnecessarily to danger, *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E. 2d 483 (1967), and since the duty to keep the premises in a reasonably safe condition implies the duty to make reasonable inspection and to correct unsafe conditions which a reasonable inspection would reveal, *Grady v. Penney Co.,* 260 N.C. 745, 133 S.E. 2d 678 (1963), such breach of duty would constitute actionable negligence on defendant's part and would support a verdict in plaintiff's favor. *See generally,* 62 Am. Jur. 2d, Premises Liability, § 265.

Under the evidence in this case the mere fact that plaintiff attempted to go to her room in the darkness does not constitute contributory negligence *as a matter of law.* Reasonable men may differ as to whether plaintiff was negligent at all in attempting, despite the darkness, to reach the room to which she had been assigned. What would any reasonably prudent person have done under the same or similar circumstances? Only a jury may answer that question because the evidence, taken in the light most

favorable to plaintiff, fails to establish plaintiff's negligence so clearly that no other reasonable inference may be drawn therefrom. This is true because an invited guest, when confronted with inadequate lighting on a motel parking lot while on the way to her room in the nighttime, is not ordinarily required to elect whether to remain indefinitely in her car or, at her own peril, to grope in the darkness for walkways that perchance might lead to her assigned room. *See generally, Holliday v. Great A. & P. Tea Co.,* 314 F. 2d 682 (4th Cir. 1963); Annot., 23 A.L.R. 3d 441, Premises Liability—Darkness, § 13.

For the reasons stated the decision of the Court of Appeals is reversed. The case is remanded to that court where it will be certified to the trial court for a new trial in accord with this opinion.

Reversed and remanded.

Justices BRITT and BROCK did not participate in the consideration or decision of this case.