CLARENCE YOUNG v. MARY CECELIA DENNING

No. 8110SC231

(Filed 20 October 1981)

**Automobiles § 57.1— intersection accident—failure to stop at stop sign**

> In an action arising out of an automobile accident at an intersection, plaintiff's evidence was sufficient for the jury to find that defendant was negligent in failing to stop at a stop sign and yield the right-of-way to plaintiff's automobile traveling on the dominant highway.

APPEAL by plaintiff from *Canaday, Judge.* Judgment entered 28 August 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 13 October 1981.

Plaintiff and defendant were involved in an automobile accident at approximately 5:15 p.m. on 10 March 1977. Plaintiff alleged negligence on the part of defendant in that she drove into an intersection without ascertaining whether there were oncoming vehicles to which she owed a duty to yield the right-of-way, and that defendant drove her car directly into the path of plaintiff's car causing a collision. Defendant pleaded contributory negligence on the part of plaintiff in that he operated his vehicle carelessly, he failed to yield to defendant the right-of-way, he was speeding, he failed to keep his vehicle under proper control, he failed to avoid the collision when he had the opportunity to do so, and that plaintiff failed to keep a proper lookout.

At the end of plaintiff's evidence, the trial court granted defendant's motion for directed verdict. Plaintiff appeals and assigns error to the trial court's ruling on defendant's motion.

*Shyllon, Shyllon & Ratliff, by Mohamed M. Shyllon and Prince E. N. Shyllon; and Shabia & Hehre, by Frederick W. Hehre, for plaintiff-appellant.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by Wright T. Dixon, Jr., for defendant-appellee.*

HILL, Judge.

The question raised by a directed verdict motion is whether the evidence is sufficient to go to the jury. The trial court must make this determination by considering the evidence in the light

most favorable to the non-movant. *Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 250 S.E. 2d 245 (1979); *Kelly v. Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). "It is only when the evidence is insufficient to support a verdict in the non-movant's favor that the motion should be granted." *Rappaport v. Days Inn of America, Inc., supra* at 384, 250 S.E. 2d at 247.

Plaintiff's evidence tended to show that plaintiff and his wife were traveling east on Cabarrus Street. Plaintiff approached the intersection of Cabarrus Street and West South Street and, he testified, "when I looked up, Mrs. Denning was out on Cabarrus Street. Her whole front end was out there right into me, the whole street. She had come out and I had collided with her." Plaintiff's wife saw defendant's automobile entering the intersection from West South Street. She testified that "[t]he car came right into the intersection . . . without stopping."

J. W. Witherspoon, then a uniformed police officer, testified that the intersection was controlled by a stop sign on West South Street. Anyone entering the intersection from West South Street had to stop and see traffic clear on Cabarrus Street before proceeding. He measured tire marks at 32 feet in length from where plaintiff's automobile stopped. Witherspoon observed no marks on the street leading to defendant's automobile.

The above evidence is sufficient to show defendant's failure to stop at the stop sign and yield the right-of-way to plaintiff's automobile traveling on the "through highway," Cabarrus Street. *See* G.S. 20-158(b)(1). Even though such failure to stop may not be considered negligence *per se*, G.S. 20-158(d), these facts are sufficient for a jury to determine the issue of defendant's negligence. In addition, we find no evidence of contributory negligence as a matter of law on the part of plaintiff. *See Rappaport v. Days Inn of America, Inc., supra.*

For these reasons, we

Reverse and remand for a new trial.

Judges VAUGHN and WHICHARD concur.