University Motor Lodge v. Owens

UNIVERSITY MOTOR LODGE, INC. v. NORMA (DEDE) OWENS, U-HAUL
    COMPANY OF EASTERN NORTH CAROLINA AND U-HAUL COMPANY
    OF MISSISSIPPI

No. 8515SC681

(Filed 4 February 1986)

**Negligence § 53.8— canopy over breezeway—no duty of motel to post clearance
signs**

In an action to recover for the negligence of the individual defendant in
driving a truck under a canopy with insufficient clearance, the trial court did
not err in refusing to submit an issue relating to the contributory negligence
of plaintiff in failing to post any signs at the overhead canopy which indicated
its height and warned operators of trucks to use another exit, since the law
imposed no duty on plaintiff to give notice of the canopy and the vertical
clearance underneath it which was plainly obvious to any ordinarily intelligent
person and to defendant who had eyes to see and an unobstructed view; de-
fendant testified that she was concerned that the truck might not clear under
the canopy, but she failed to take the time to ascertain this fact before pro-
ceeding; and defendant's evidence presented no facts from which it could be in-
ferred that plaintiff had more knowledge than defendant of the alleged danger
or unsafe condition, particularly in light of the fact that no truck had ever
struck the canopy during the twenty years of its existence.

APPEAL by defendants from *Bowen, Judge.* Judgment en-
tered 22 March 1985 in Superior Court, ORANGE County. Heard in
the Court of Appeals 3 December 1985.

On 5 August 1982, defendant Owens rented a U-Haul truck in
Mississippi from defendant U-Haul Company of Mississippi. The
truck, a TC model approximately nine feet two inches in height,
was owned by defendant U-Haul Company of Eastern North Caro-
lina. On 15 August 1982, Owens drove to plaintiff's motel in
Chapel Hill, and upon registration, advised plaintiff that she was
driving a U-Haul truck. Plaintiff instructed Owens to park the
truck behind the building for aesthetic reasons.

On 16 August 1982, Owens attempted to leave the parking lot
behind plaintiff's motel and drove the truck toward a permanent
overhead stationary canopy. This canopy allowed guests to walk
between buildings during a rainstorm; it is possible to drive an
automobile under it. When Owens attempted to go under the can-
opy, the top portion of her truck struck the canopy. There was
evidence that the vertical clearance ranged from eight feet ten

inches to around nine feet. The parties stipulated that "[t]he costs of rebuilding the overhead canopy and repairing the damage caused by the collision in question was $14,352.29."

Plaintiff instituted this civil action alleging that defendant Owens was negligent in the operation of her truck. Defendants denied any negligence on the part of defendant Owens, and specifically alleged that plaintiff was contributorily negligent since it failed to post any signs at the overhead canopy which indicated its height or clearance or which warned operators of trucks to use another exitway. In its reply, plaintiff asserted that Owens had the last clear chance to avoid the collision.

At trial, the court submitted an issue to the jury relating to the negligence of defendant Owens, but refused to submit an issue relating to the contributory negligence of plaintiff. From a jury verdict in favor of plaintiff, defendants appealed.

*Haywood, Denny, Miller, Johnson, Sessoms and Haywood, by Stewart W. Fisher, for plaintiff-appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner and Hartzog, by Robert W. Sumner, for defendants-appellants.*

*DeBank, McDaniel, Heidgerd, Holbrook and Anderson, by Douglas F. DeBank, for defendants-appellants.*

PARKER, Judge.

In their sole assignment of error on appeal, defendants contend the trial court erred in refusing to submit to the jury an issue relating to the contributory negligence of plaintiff in failing to post any signs or warnings on the overhead canopy as to its height or clearance from the ground below it. We disagree.

"[A]n innkeeper is not an insurer of the personal safety of his guests but is required 'to exercise due care to keep his premises in a reasonably safe condition and to warn his guests of any hidden peril.' " *Rappaport v. Days Inn*, 296 N.C. 382, 383, 250 S.E. 2d 245, 247 (1979). "The owner of the premises is liable for injuries resulting from his failure to exercise ordinary care to keep in a reasonably safe condition that part of the premises where, during business hours, guests and other invitees may be expected." *Id.* at 383-84, 250 S.E. 2d at 247, and "[t]he owner's duty extends to a

parking lot provided by the owner for the use of the invitees." *Game v. Charles Stores Co.*, 268 N.C. 676, 678, 151 S.E. 2d 560, 562 (1966).

The owner must give warning of hidden conditions and dangers of which it had knowledge, express or implied. *Waters v. Harris*, 250 N.C. 701, 110 S.E. 2d 283 (1959). However, the owner or proprietor is not under a duty to warn an invitee of a danger or condition which is obvious, *Spell v. Contractors*, 261 N.C. 589, 135 S.E. 2d 544 (1964), or of which the invitee has equal or superior knowledge. *Wrenn v. Convalescent Home*, 270 N.C. 447, 154 S.E. 2d 483 (1967).

Defendants concede in their brief that there are no North Carolina cases which hold that a landowner is under a duty to post warnings and notices as to the height and vertical clearance of overhead canopies on his premises under which vehicles may pass. The question is whether this condition was "obvious" or whether Owens had equal or superior knowledge of this condition.

Our courts have found that the following conditions were so obvious as to negate the landowner's duty to warn: (i) slight depressions, unevenness and irregularities in outdoor walkways, sidewalks and streets, *Evans v. Batten*, 262 N.C. 601, 138 S.E. 2d 213 (1964); (ii) triangular screen located at a right angle to a grocery store exit, *Coleman v. Colonial Stores, Inc.*, 259 N.C. 241, 130 S.E. 2d 338 (1963); (iii) sharp-edged concrete slab near gasoline pumps at filling station, *Little v. Oil Corp.*, 249 N.C. 773, 107 S.E. 2d 729 (1959); (iv) overturned chair in dimly lit dance hall, *Revis v. Orr*, 234 N.C. 158, 66 S.E. 2d 652 (1951), and (v) single step down at exit from bank even though there was no sign or other warning at the step down at the door, *Benton v. Building Co.*, 223 N.C. 809, 28 S.E. 2d 491 (1944).

Black's Law Dictionary defines "obvious" as follows:

Easily discovered, seen, or understood; readily perceived by the eye or the intellect; plain; patent; apparent; evident; clear; manifest.

The law imposes no duty upon plaintiff to give notice of the stationary overhead canopy and the vertical clearance underneath it, "which was plainly obvious to any ordinarily intelligent person using his eyes in an ordinary manner, [and] to [defendant Owens]

who had eyes to see and an unobstructed view. . . ." *Little*, 249 N.C. at 777, 107 S.E. 2d at 731. Defendant Owens testified that she was concerned that the truck might not clear under the canopy, but she failed to take the time to ascertain this fact before proceeding beneath the canopy.

In addition, defendants' evidence presents no facts from which it can be inferred that plaintiff had more knowledge than defendant Owens of the alleged danger or unsafe condition, particularly in light of the fact that the breezeway had been in existence for almost twenty years and no truck had ever struck the breezeway. *See, Watkins v. Furnishing Co.*, 224 N.C. 674, 31 S.E. 2d 917 (1944) (a new fangled electronically controlled door not a hidden peril because no previous malfunctions had occurred). Defendant Owens could see the canopy, and she had knowledge of the height of the truck.

The cases relied upon by defendant, *Illinois Central Railroad Company v. Farris*, 259 F. 2d 445 (5th Cir. 1958) and *Norfolk Southern Railway Co. v. Davis Frozen Foods, Inc.*, 195 F. 2d 662 (4th Cir. 1952), are distinguishable. In both cases, a vehicle was travelling on a public road and struck a railway overpass.

For the reasons outlined above, we hold the trial court did not err in refusing to submit to the jury an issue relating to plaintiff's contributory negligence.

The judgment appealed from is

Affirmed.

Judges ARNOLD and WELLS concur.