LOIS NEWSOM AND GEORGE NEWSOM, PLAINTIFFS-APPELLANTS v. DALE M. BYRNES, DEFENDANT-APPELLEE

No. 9319SC337

(Filed 17 May 1994)

**Negligence § 58 (NCI4th) — fall by invitee on muddy incline — obvious danger — summary judgment for landowner**

Summary judgment was properly entered for defendant in plaintiff invitee's action to recover for injuries she received when she slipped and fell on a graveled incline covered with wet leaves and mud at a construction site to which she went in response to an advertisement for the sale of a camper owned by defendant since (1) defendant's unrebutted evidence showed that the area in which plaintiff fell was in a reasonably safe condition for its contemplated use by trucks hauling construction materials for the house being built on defendant's property, and (2) even if the condition of the area had been rendered unsafe, it should have been obvious to plaintiff that the wet and muddy incline partially covered with leaves would be slippery and potentially dangerous, and defendant was under no duty to warn plaintiff of this obvious danger.

**Am Jur 2d, Premises Liability §§ 137 et seq.**

Appeal by plaintiffs from order entered 15 January 1993 by Judge Judson D. DeRamus, Jr. in Randolph County Superior Court. Heard in the Court of Appeals 1 February 1994.

On 22 September 1990, plaintiff Lois Newsom sustained a broken leg when she slipped and fell at a construction site owned by defendant. Plaintiffs, husband and wife, were responding to an advertisement in a High Point newspaper for the sale of a camper owned by defendant. Defendant, a contractor, was living in the camper while building his own house. Plaintiffs called defendant and made an appointment with him to look at the camper.

When plaintiffs arrived at defendant's construction site around 3:00 p.m., they walked down an incline to see the camper. Defendant greeted them outside and proceeded to show them the camper. Mr. Newsom was in front of Mrs. Newsom as they walked down the incline towards the camper. The incline had been cut through with a bulldozer, and leaves had fallen on the ground. The incline

had been graveled in June 1990. It had been raining earlier that day, and a thin layer of mud covered the incline. As her husband and defendant were walking up to the trailer, Mrs. Newsom slipped on some "gray clay" on the incline, and her leg "popped." Defendant called an ambulance, and plaintiff was taken to the hospital where her leg was put in a cast.

Plaintiffs filed a claim against defendant on 8 January 1992 seeking to recover damages for personal injuries incurred by Mrs. Newsom. Mr. Newsom sought compensation for loss of consortium. Defendant filed a motion for summary judgment, and the trial court granted defendant's motion. Plaintiffs appeal.

*Gabriel, Berry & Weston, by M. Douglas Berry, for plaintiff appellants.*

*Frazier, Frazier & Mahler, by Torin L. Fury, for defendant appellee.*

ARNOLD, Chief Judge.

Plaintiffs' only assignment of error is that the trial court erred in granting summary judgment in favor of defendant. Plaintiffs maintain that there was sufficient evidence of defendant's negligence and sufficient evidence on the lack of plaintiff's contributory negligence to submit to the jury. We disagree.

Plaintiffs were invitees in the case at bar because their purpose for entering defendant's property was to purchase the camper. *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979). Under North Carolina law, as owner of the premises, defendant owed to plaintiffs as invitees the duty to exercise ordinary care to keep the property in a reasonably safe condition, and to warn them of hidden or concealed dangers of which he had knowledge, express or implied. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E.2d 559 (1981) (citing *Long v. Methodist Home for Aged, Inc.*, 281 N.C. 137, 187 S.E.2d 718 (1972); *Wrenn v. Hillcrest Convalescent Home, Inc.*, 270 N.C. 447, 154 S.E.2d 483 (1967)). However, it is also the law in this State that there is "no duty to warn an invitee of a hazard obvious to any ordinarily intelligent person using [her] eyes in an ordinary manner, or one of which the plaintiff had equal or superior knowledge." *Branks v. Kern*, 320 N.C. 621, 624, 359 S.E.2d 780, 782 (1987). Defendant's burden, therefore, is to show that one of the following essential elements of plaintiffs' claim

is nonexistent: (1) the area in which plaintiff was injured was not-in a reasonably safe condition for its contemplated use, or (2) defendant knew or should have known of the unsafe condition. *Pulley v. Rex Hospital*, 326 N.C. 701, 392 S.E.2d 380 (1990). "Further, [plaintiff] may not recover if she knew of the unsafe condition or if it should have been obvious to any ordinary person under the circumstances existing at the time she was injured." *Id.* at 705, 392 S.E.2d at 383.

Both plaintiffs and defendant cite to several factually similar slip and fall cases. *Evans v. Batten*, 262 N.C. 601, 138 S.E.2d 213 (1964) (per curiam) (indenture in walkway); *Spell v. Contractors*, 261 N.C. 589, 135 S.E.2d 544 (1964) (dirt-filled ditch); *Falatovitch v. Clinton*, 259 N.C. 58, 129 S.E.2d 598 (1963) (per curiam) (hole in sidewalk filled with dirt and trash); *Smith v. Hickory*, 252 N.C. 316, 113 S.E.2d 557 (1960) (hole in sidewalk); *Fanelty v. Jewelers*, 230 N.C. 694, 55 S.E.2d 493 (1949) (terrazzo entryway); *cf. Lamm v. Bissette Realty*, 327 N.C. 412, 395 S.E.2d 112 (1990) (uneven risers and no handrails); *Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E.2d 245 (1979) (concrete step-up from parking lot); *Rone v. Byrd Food Stores*, 109 N.C. App. 666, 428 S.E.2d 284 (1993) (wet floor); *Barnes v. Wilson Hardware Co.*, 77 N.C. App. 773, 336 S.E.2d 457 (1985) (lack of handrail); *Green v. Wellons, Inc.*, 52 N.C. App. 529, 279 S.E.2d 37 (1981) (cracks on sidewalk). In light of these cases and under the principles stated above, summary judgment in favor of defendant was appropriate.

Plaintiffs allege that defendant had knowledge that there was little or no gravel present at the point of the incline where Mrs. Newsom fell, and that as a result defendant knew that the incline would be slippery when wet, yet he failed to warn plaintiffs of this danger. Plaintiffs base their allegations on the following facts: defendant knew that there was no gravel on the sloped portion of the drive; that it had rained three hours before plaintiff arrived; that the drive would be slippery without gravel; that the drive was steeper than other drives he had excavated; that the drive was the only path from the street to the camper; that the upper graveled portion of the drive created a false sense of security; that leaves covered the drive; that no irregularities existed to heighten one's state of awareness; that he failed to warn plaintiffs of the danger presented by the unexpected ending of the layer of gravel.

Although plaintiffs' evidence shows that Mrs. Newsom's ankle twisted as a result of stepping in gray clay, "the mere existence of a condition which causes an injury is not negligence *per se,* and the occurrence of the injury does not raise a presumption of negligence." *Spell v. Contractors,* 261 N.C. at 592, 135 S.E.2d at 547. A landowner is not an absolute insurer as to the safety of his invitees. *Graves v. Order of Elks,* 268 N.C. 356, 150 S.E.2d 522 (1966) (per curiam). Defendant's evidence shows that the area in which Mrs. Newsom fell was in a reasonably safe condition for its contemplated use. The contemplated use of the graveled driveway was for trucks, primarily hauling construction materials, to access the house being built on defendant's property without getting stuck. Plaintiffs offer no evidence to rebut that the area in which Mrs. Newsom fell was in a reasonably safe condition for this purpose. Furthermore, even if the condition of the driveway had been rendered unsafe under the circumstances, plaintiffs knew of the unsafe condition, or it should have been obvious to any ordinary person under the circumstances at the time of the injury that the wet and muddy incline partially covered with leaves would be slippery and potentially dangerous. Mrs. Newsom and her husband were aware that the driveway was unfinished and had been cut through with a bulldozer. The site was partially covered with leaves, but no obstructions such as rocks or branches existed. Defendant testified in his deposition that the moisture on the ground from the rain was obvious. Also, Mrs. Newsom admitted in her deposition that she did not want to get her tennis shoes muddy, thereby showing that she knew the ground was wet. Certainly, if a slight depression or uneven and irregular walkways, sidewalks and streets have been held to be conditions so obvious as to negate a landowner's duty to warn, *see generally, Evans v. Batten,* 262 N.C. 601, 138 S.E.2d 213, an incline covered with wet leaves and mud would be obvious to an ordinary and prudent invitee. Thus, defendant was not bound to warn plaintiff of an obvious danger. *See Spell v. Contractors,* 261 N.C. 589, 135 S.E.2d 544.

Although summary judgment in a negligence action is appropriate only in exceptional cases, the facts warrant summary judgment in the case at bar. *Gladstein v. South Square Assoc.,* 39 N.C. App. 171, 249 S.E.2d 827 (1978), *disc. review denied,* 296 N.C. 736, 254 S.E.2d 178 (1979). The order of the trial court is

Affirmed.

Judges WYNN and MARTIN concur.