JOANNE KELLER v. WILLOW SPRINGS LONG TERM CARE FACILITY, INC.

No. COA00-74

(Filed 19 June 2001)

**Hospitals and Other Medical Facilities— negligence—staff injury—transfer of patient to wheelchair—not a hidden condition**

The trial court did not err by granting defendant's motion of summary judgment in a negligence action by a physical therapy assistant who suffered a back injury when she went to the aid of a stroke victim who was falling during a transfer from a bed to a wheelchair. Plaintiff did not indicate any evidence of a defective, dangerous, or unsafe condition and, although plaintiff alleged the situation in the room was a hidden and dangerous condition caused by the actions and inactions of defendant-facility, the only

danger was a human condition of which plaintiff was apprised and well trained to address.

Appeal by plaintiff from judgment entered 20 September 1999 by Judge J.B. Allen, Jr. in Orange County Superior Court. Heard in the Court of Appeals 14 February 2001.

*Browne, Flebotte, Wilson & Horne by Linda L. Czyzyk for plaintiff-appellant.*

*McGuire, Woods, Battle & Boothe by Kurt E. Lindquist, II and Arden Lynn Achenberg for defendant-appellee.*

THOMAS, Judge.

Plaintiff Joanne Keller filed a complaint alleging defendant Willow Springs Long Term Care Facility, Inc. was negligent by creating a hidden and dangerous condition which resulted in serious injury to her back. From the grant of defendant's motion for summary judgment, plaintiff appeals.

Plaintiff was employed as a physical therapy assistant for Home Health Agency of Chapel Hill, Inc. Her duties included caring for several residents of a rest home in Carrboro being operated by defendant.

On 21 December 1993, plaintiff went to the room of Peter Koutouzakis (Koutouzakis), a stroke victim, in order to provide physical therapy. She had previously provided care for him including exercise, transfers (moving him from bed to wheelchair and return) and gait training. According to plaintiff's allegations, she noticed Koutouzakis sitting on the edge of his bed, agitated, with one of defendant's employees attempting to assist him into a wheelchair. The employee was not trained to care for patients, had not locked the wheelchair and had failed to put a leg brace or gait belt on him. As plaintiff entered the room, the employee backed away and Koutouzakis began to slide off the bed. Plaintiff rushed to his aid, putting her knees in front of him to prevent his fall. Plaintiff then placed a gait belt around Koutouzakis and transferred him to the wheelchair. In catching him and placing him in his wheelchair, however, she suffered injury to her back resulting in permanent and total disability.

According to plaintiff, "the situation which existed in the room" was the hidden and dangerous condition caused by the actions

and inactions of defendant. According to the defendant, plaintiff in effect is arguing that Koutouzakis himself was the dangerous condition.

The trial court allowed defendant's motion for summary judgment on 20 September 1999, which plaintiff assigns as error.

The standard for granting a motion for summary judgment is well-established. A party is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1 Rule 56.

> The party moving for summary judgment has the burden of establishing the lack of any triable issue. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). The movant may meet this burden by proving that an essential element of the opposing party's claim is non existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982); *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981).

*Mozingo v. Pitt County Memorial Hosp., Inc.*, 331 N.C. 182, 187, 415 S.E.2d 341, 344 (1992) (citing *Collingwood v. General Electric Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

Here, plaintiff alleges defendant was negligent in that it: a) failed to exercise ordinary care to keep and maintain the premises in a reasonably safe condition; b) created a hidden and dangerous condition by failing to properly medicate Koutouzakis; c) failed to train its employees and agents and properly staff its facility; d) failed to timely toilet him; e) failed to transfer him to an intermediate care facility to provide more extensive medical care and supervision when his health condition deteriorated; f) failed to warn plaintiff of hidden perils and unsafe conditions of which defendant knew or, by reasonable inspection, could have discovered; g) failed to reasonably inspect him and to correct unsafe conditions which such an examination would have revealed; and h) generally failed to warn plaintiff of these hidden and dangerous conditions.

In order to establish negligence, plaintiff must show that: 1) defendant owed a legal duty to the plaintiff; 2) the defendant breached the duty; 3) plaintiff sustained injuries; and 4) the plaintiff's

injuries were proximately caused by defendant's breach. *Pulley v. Rex Hospital*, 326 N.C. 701, 392 S.E.2d 380 (1990).

In the instant case, plaintiff bases her negligence claim on a premises liability theory. She contends a lack of proper care for Koutouzakis caused an unsafe condition which breached a duty to plaintiff as a business invitee.

Our Supreme Court has held that landowners owe a duty to exercise reasonable care in the maintenance of their premises to all lawful visitors. *Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998), *reh'g denied*, 350 N.C. 108, 533 S.E.2d 467 (1999). The Court in *Nelson* also eliminated the distinction between licensees and business invitees for the purposes of premises liability and instead imposed a duty on landowners to exercise reasonable care to all lawful visitors. Landowners have a duty to maintain their premises in a reasonably safe condition for their intended use. *Pulley v. Rex Hospital*, 326 N.C. 701, 392 S.E.2d 380 (1990).

To withstand summary judgment under a premises liability theory, plaintiff must demonstrate substantial evidence showing defendant failed to exercise reasonable care in the maintenance of its premises. *Nelson*, 349 N.C. at 633, 507 S.E.2d at 893.

Plaintiff argues that a staff shortage resulted in Koutouzakis not being toiletted and properly medicated prior to his 10:00 a.m. appointment with plaintiff. She says this failure created a hidden and dangerous condition which resulted in her injury. In essence, plaintiff advances the novel theory that the rest home resident himself became a dangerous condition. Some of the dangerous conditions recognized by North Carolina Courts have included uneven and/or broken sidewalks, indentures in walkways, a dirt filled ditch, uneven stairs and/or the absence of handrails, wet floors, and unlighted parking lots. *See Newsom v. Byrnes*, 114 N.C. App. 787, 443 S.E.2d 365 (1994); *Rappaport v. Days Inn of America, Inc.*, 296 N.C. 382, 250 S.E.2d 245 (1979). Additionally, this Court has held that a hospital owes a duty to protect a patient against foreseeable assaults by another patient. *Burns v. Forsyth County Hosp. Authority, Inc.*, 81 N.C. App. 556, 344 S.E.2d 839 (1986). There is no reasonable analogy from any of these holdings to the present case.

Our review of the record shows no evidence that defendant failed to act outside the standard of care in the maintenance of its premises, that the premises were improperly maintained or of any

other breach of duty owed to plaintiff. Plaintiff has not indicated any evidence of a defective, dangerous or unsafe condition on the property of defendant.

Even if it were determined that the resident was a dangerous condition, or as plaintiff argues, the "situation" in the room was the dangerous condition with defendant not properly caring for its residents, plaintiff's contention would still fail. Our Supreme Court, in *Branks*, held that dismissal of plaintiff's complaint alleging premises liability was appropriate where the alleged hazard was obvious to her. 320 N.C. 621, 359 S.E.2d 780 (1987). Similarly in *Newsom*, this Court held that "even if the condition . . . had been rendered unsafe under the circumstances, plaintiff knew of the unsafe condition." Therefore, defendant was not liable. *Newsom*, 114 N.C. App. at 790, 443 S.E.2d at 368.

In the case at bar, plaintiff claims the condition was both dangerous and hidden. Even while arguably dangerous, however, the condition was in no way hidden from plaintiff. Her argument goes to Koutouzakis' condition at the moment she entered the room being unexpected, not hidden. Plaintiff also claims defendant had a last clear chance to avoid injury to plaintiff, but fails to adequately analyze the theory or cite appropriate authority.

The ultimate facts are straightforward. Plaintiff voluntarily went to the aid of a resident with the admitted knowledge that he was agitated, needed to use the restroom and was not utilizing his leg brace. She also was aware the wheelchair was not in a locked position. Plaintiff is a physical therapy assistant capable of making proper bed to wheelchair transfers. The only danger alleged by plaintiff was a human condition of which plaintiff was apprised and well-trained to address. Plaintiff may not recover where the allegedly dangerous condition would be obvious to an ordinary person or where plaintiff had equal or superior knowledge of the allegedly dangerous condition. *See Pulley v. Rex Hospital*, 326 N.C. 701, 392 S.E.2d 380 (1990); *Branks v. Kerns*, 320 N.C. 621, 359 S.E.2d 780 (1987). Accordingly, this assignment of error is rejected and the decision of the trial court affirmed.

AFFIRMED.

Judges WYNN and McGEE concur.