LYNDA NELSON, Plaintiff v. NOVANT HEALTH TRIAD REGION, L.L.C., FORSYTH MEMORIAL HOSPITAL, INC. d/b/a FORSYTH MEDICAL CENTER, and SODEXHO MANAGEMENT, INC., Defendants

No. COA02-1192

(Filed 5 August 2003)

**1. Premises Liability— slip and fall—duty of care—summary judgment—directed verdict**

The trial court did not err in a personal injury slip and fall case by denying defendants' motions for summary judgment and directed verdict and the jury was properly allowed to reach a finding of fact as to whether the duty of care had been breached

due to defendant's negligence, because: (1) defendants admitted to owning and exercising control over the hallway where plaintiff was injured, as well as the carts and trays littering the hallway and the kitchen where dishes were being washed; and (2) by admitting to ownership, defendant hospital owed a duty to plaintiff to keep the hallway safe for passage, its contemplated use.

## 2. Premises Liability— slip and fall—open and obvious dangerous condition—summary judgment—directed verdict

The trial court did not err in a personal injury slip and fall case by denying defendants' motions for summary judgment and directed verdict on the ground that defendant had no duty to alert plaintiff to a dangerous condition that was open and obvious, because the dangerous condition was not open and obvious as a matter of law when: (1) plaintiff stated she was not aware of the slippery condition of the floor and, even if she had looked at her feet, the film of water on the shiny linoleum floor would have been impossible to see; and (2) plaintiff neither admits to being fully aware of the dangerous condition of the hall nor acknowledges that she would have seen the water if she had looked.

## 3. Premises Liability— slip and fall—contributory negligence—summary judgment—directed verdict

The trial court did not err in a personal injury slip and fall case by denying defendants' motions for summary judgment and directed verdict even though defendant contends plaintiff has failed to offer evidence to refute allegations of contributory negligence, because the decision as to whether looking ahead to navigate the debris in a hall was more or less reasonable than looking down at the floor is a question of fact to be determined by the jury.

Appeal by defendant from judgment entered 1 May 2002 by Judge Melzer A. Morgan, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 13 May 2003.

*Wells, Jenkins, Lucas & Jenkins, P.L.L.C., by Ellis B. Drew, III, for plaintiff-appellee.*

*Bennett, Guthrie & Dean, P.L.L.C., by Rodney A. Guthrie, for defendant-appellants.*

ELMORE, Judge.

Defendants appeal the denial of their motions for summary judgment and directed verdict in this personal injury slip-and-fall case. The jury returned a verdict for the plaintiff in the amount of $14,500.00. The evidence heard at trial tended to show that plaintiff was an employee of a company that copies medical records and was assigned to the Medical Records Department at Forsyth Memorial Hospital. It is undisputed that when plaintiff arrived at the hospital in the mornings, her normal path to the Hospital's Medical Records Department took her down a basement hallway past the hospital dishwashing room. Plaintiff testified that it was normal for carts carrying meal trays to be lined up against the wall of this hallway opposite the kitchen door. The hall floor was "shiny and buffed" linoleum that had a "glassy appearance."

Plaintiff also presented evidence that when she attempted to traverse this hallway on 29 September 1998, she encountered trays and tray carts scattered across the hallway. As she attempted to pass through the hallway, she fell and severely injured her right knee. While in the emergency room, plaintiff noticed the back of her dress was wet with water. The jury found that plaintiff was injured due to the negligence of the defendants and that plaintiff was not contributorily negligent. Defendant appeals based upon the trial court's denial of summary judgment and directed verdict.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). On appeal, the standard of review is (1) whether there is a genuine issue of material fact and (2) whether the movant is entitled to judgment as a matter of law. See Kessing v. Mortgage Corp., 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971). The evidence presented is viewed in the light most favorable to the non-movant. See Caldwell v. Deese, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975).

The standard of review for a directed verdict is essentially the same as that for summary judgment. When considering a directed verdict on review, this Court must establish "whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor, or to present a question for the jury." Davis v. Dennis Lilly Co., 330 N.C. 314, 323, 411 S.E.2d 133, 138 (1991) (citations omitted).

**NELSON v. NOVANT HEALTH TRIAD REGION**

[159 N.C. App. 440 (2003)]

**[1]** Defendant argues for summary judgment and directed verdict on two grounds. First, that plaintiff has failed to show or forecast evidence that the defendant has breached a duty to the plaintiff. Second, that plaintiff was contributorily negligent, and has failed to offer evidence to refute that negligence. The trial court held that in this case there were genuine issues of material fact such that the case should be presented to the jury. We agree.

A property owner must "use the care a reasonable man similarly situated would use to keep his premises in a condition safe" for the contemplated use of the property. *Martishius v. Carolco Studios, Inc.*, 355 N.C. 465, 474, 562 S.E.2d 887, 893 (2002). Defendant argues that no duty existed to warn or protect plaintiff from the debris in the hallway. Defendant cites *Williamson v. Food Lion, Inc.*, 131 N.C. App. 365, 507 S.E.2d 313 (1998), *aff'd*, 350 N.C. 305, 513 S.E.2d 561 (1999), to show that summary judgment and directed verdict are appropriate unless plaintiff presents evidence that defendant either created the dangerous circumstance or had real or actual notice that the dangerous circumstance existed. In *Williamson*, a customer at a grocery store slipped on a grape lying on the floor in the bread aisle. The trial court granted summary judgment because there was no proof that the defendant knew that the grape was on the floor or that defendant was responsible for it being there. This Court affirmed that decision. *Id.*

This reliance upon *Williamson* is misplaced. *Williamson* can be distinguished from the case at bar because defendants admitted to owning and exercising control over the hallway where plaintiff was injured, as well as the carts and trays littering the hallway and the kitchen where dishes were being washed. By admitting to ownership, Forsyth Hospital owed a duty to plaintiff to keep the hallway safe for passage, its contemplated use. Therefore, it was appropriate to deny motions for summary judgment or directed verdict on this basis. The jury was properly allowed to reach a finding of fact as to whether the duty of care had been breached due to defendant's negligence.

**[2]** The defendant also argues summary judgment and directed verdict should have been granted because the plaintiff failed to show any evidence that defendant had a duty to alert plaintiff to a dangerous condition that was open and obvious. In *Newsom v. Byrnes*, 114 N.C. App. 787, 443 S.E.2d 365 (1994), the court granted summary judgment because the gray clay upon which plaintiff slipped would have been obvious to any person under the circumstances, yet the plaintiff did

not avoid it. *See Newsom,* 114 N.C. App. at 788, 443 S.E.2d at 366 (granting summary judgment for the defendant when the plaintiff slipped on "gray clay" and injured her leg because any ordinary person under the circumstances would have known the clay was dangerous). *Newsom* can be distinguished from the case at bar because a film of water on a shiny linoleum floor is much less obvious and more difficult to see than gray clay.

Summary judgment is only appropriate based on an "open and obvious" condition when the plaintiff has a more intimate knowledge of the dangerous condition than the property owner, or the plaintiff would have noticed the dangerous condition if she had exercised proper care. *See Von Viczay v. Thoms,* 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000), *aff'd,* 353 N.C. 445, 545 S.E.2d 210-11 (2001) (holding defendant not liable when plaintiff slipped on ice because plaintiff had equal or superior knowledge of the dangerous condition); *Swinson v. Lejeune Motor Co.,* 147 N.C. App. 610, 618, 557 S.E.2d 112, 118 (2001) (McCullough, J., dissenting) (asserting that plaintiff was contributorily negligent when nothing prevented her from seeing a hole in the parking lot), *rev'd,* 356 N.C. 286, 569 S.E.2d 646 (2002) (adopting the dissent); *Bolick v. Bon Worth, Inc.,* 150 N.C. App. 428, 430, 562 S.E.2d 602, 604, *disc. review denied,* 356 N.C. 297, 570 S.E.2d 498-99 (2002) (holding defendant not liable when plaintiff admitted she was able to see the floor and had at least equal knowledge of the floor's treacherous conditions). In the case *sub judice,* plaintiff states she was not aware of the slippery condition of the floor and, even if she had looked at her feet, the film of water on the shiny linoleum floor would have been impossible to see. Plaintiff neither admits to being fully aware of the dangerous condition of the hall nor acknowledges that she would have seen the water if she had looked. Therefore, the dangerous condition was not open and obvious as a matter of law. Summary judgment and directed verdict are inappropriate.

[3] Alternatively, defendant contends that summary judgment and directed verdict should have been granted because plaintiff has failed to offer evidence to refute allegations of contributory negligence. Defendant compares this case to *Hall v. Kmart Corp.,* 136 N.C. App. 839, 525 S.E.2d 837 (2000), where a plaintiff was held to be contributorily negligent when she slipped on an empty box while carrying on a conversation with another customer. Similarly, in *Swinson,* a customer tripped in a hole in an automobile dealership parking lot. The Court held that she was contributorily negligent as a matter of law

because she was looking for her car at the time and there was nothing to prevent her from seeing the hole. *Swinson v. Lejeune Motor Co.*, 147 N.C. App. 610, 618, 557 S.E.2d 112, 118 (2001), (McCullough, J., dissenting), *rev'd*, 356 N.C. 286, 569 S.E.2d 646 (2002) (adopting the dissent). In the case *sub judice*, the defendant argues that the plaintiff was similarly inattentive when walking down the hospital hall because at the moment she slipped plaintiff was looking ahead "to navigate the hall" instead of at her feet.

The standard by which contributory negligence is judged is that of a reasonable person. Our Supreme Court has stated, "[t]he question is not whether a reasonably prudent person would have seen the [defect,] . . . but whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the floor." *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468, 279 S.E.2d 559, 563 (1981) (reinstating verdict for plaintiff where jury had made factual determinations regarding reasonableness of plaintiff's actions). In *Dowless v. Kroger*, 148 N.C. App. 168, 557 S.E.2d 607 (2001), a plaintiff whose attention was focused on pushing her shopping cart was not found contributorily negligent as a matter of law when she fell in a hole in the parking lot. In the case at bar, plaintiff argues that it was reasonable for her to look ahead down the hall to avoid the trays, carts, and other debris instead of directly at her feet because she was concerned for and acting to protect her own safety.

The decision as to whether looking ahead to navigate the debris in the hall was more or less reasonable than looking down at the floor is a question of fact to be determined by the jury. *See Jenkins v. Theaters, Inc.*, 41 N.C. App. 262, 254 S.E.2d 776, *disc. review denied*, 297 N.C. 698, 259 S.E.2d 295 (1979) (holding that the standard of care is a question of law, but whether defendant failed to exercise that degree of care is a question for the jury). Summary judgment and directed verdict were therefore properly denied.

We agree with the trial court that there were sufficient issues of material fact to present the question to the jury and to sustain a jury verdict in plaintiff's favor.

No error.

Judges WYNN and McCULLOUGH concur.